**STATE of Vermont v. Arnold Richard GARDNER**

[709 A.2d 499]

No. 97-520

January 15, 1998. Defendant Arnold Gardner appeals a Franklin District Court order that he be held without bail. Defendant is charged with (1) driving under the influence, third offense, under 23 V.S.A. § 1210(d); and (2) being a "habitual criminal" under 13 V.S.A. § 11, a charge punishable by life imprisonment. The district court granted the State's motion to hold defendant without bail under 13 V.S.A. § 7553 and Vt. Const. ch. II, § 40 (person charged with offense punishable by life imprisonment may be held without bail when the evidence of guilt is great). We review the district court's decision under V.R.A.P. 9(b)(2) and affirm.

There is no constitutional right to bail for offenses punishable by life imprisonment where the evidence of guilt is great. See *State v. Blackmer*, 160 Vt. 451, 453-54, 631 A.2d 1134, 1136 (1993). Defendant does not dispute that evidence of his guilt is great. Rather, he argues that the State may not charge him as a "habitual criminal" under 13 V.S.A. § 11 because to do so amounts to a "double enhancement" of his prior convictions for DUI. He argues that the specific enhanced penalty for third and subsequent DUI offenses contained in 23 V.S.A. § 1210(d) should control the general enhanced penalty for commission of a fourth or subsequent felony under 13 V.S.A. § 11. Concluding that he does not properly face a charge punishable by life, defendant contends he may not be held without bail under 13 V.S.A. § 7553.

We do not agree with defendant's argument that the two statutes work a "double enhancement" of defendant's prior convictions for DUI. The five year prison sentence permitted under 23 V.S.A. § 1210(d) serves primarily to designate third and subsequent DUI offenses as felonies. See 13 V.S.A. § 1 (felony defined as any offense punishable by more than two years imprisonment). Here the relevant inquiry is whether the record below sufficiently supports the trial court's finding that (1) defendant had at least two prior DUI convictions and is within the ambit of 23 V.S.A. § 1210(d), and (2) defendant had at least three prior felony convictions and is within the ambit of 13 V.S.A. § 11. Each finding is supported by the record, and therefore the motion to

hold defendant without bail pursuant to 13 V.S.A. § 7553 was properly before the court.

In *Blackmer*, 160 Vt. at 459-60, 631 A.2d at 1140, we also specified three due process requirements in a case where bail is denied: (1) bail cannot be denied in order to inflict punishment; (2) pretrial detention cannot be excessive in relation to the regulatory goal; and (3) the interests served by the detention must be legitimate and compelling. Defendant does not assert that he is being improperly punished, or that protecting public safety is not a compelling interest. Instead, he argues that the district court failed to establish sufficiently defendant's threat to the safety of others. To meet the requirements of *Blackmer*, the district court was required to base its finding on "substantial, admissible evidence." 160 Vt. at 454, 631 A.2d at 1136. The district court considered evidence that defendant has at least eleven prior DUI convictions and found "by clear and convincing evidence that defendant's release on bail would present a substantial threat of physical danger, violence, and harm to other persons using the public highways." In so doing, the district court satisfied a higher standard of proof than required under *Blackmer*. The record amply supports the court's finding.

Finally, in *Blackmer* we stated: "When the need for conditions [of release] is viewed in light of the possible punishment of life imprisonment, it is entirely appropriate for the court to deny bail unless it is *fully convinced that the defendant will abide by the conditions* that would be imposed if defendant were released." 160 Vt. at 459, 631 A.2d at 1139 (emphasis added). Defendant contends he has done well in the past at refraining from drinking and driving and would pose no threat of harm to society if placed in a residential treatment facility or given over to the care of family members or friends. The district court considered defendant's

large number of prior DUI convictions and viewed with "the greatest degree of skepticism" the ability of defendant's family to control his behavior. The district court also considered that defendant's possibility of facing life in prison brought with it the risk of defendant's flight. The court concluded it was "far from 'fully convinced'" that any conditions could overcome the great risks posed by defendant's release. The record supports that conclusion.

*Affirmed.*