2008 VT 85

**STATE of Vermont v. Richard D. MEMOLI**

[956 A.2d 575]

No. 08-213

¶ 1. June 5, 2008. Defendant Richard Memoli appeals from the district court's denial of his motion to review an earlier order holding him without bail. Defendant was charged, in March 2008, with aggravated sexual assault, see 13 V.S.A. § 3253(a)(2), and has been held without bail since March 10, 2008. On May 5, 2008, defendant, by his newly retained attorney, filed a motion to review the March order denying him bail. A hearing on the motion was held on May 20, 2008, and defendant was again held without bail under 13 V.S.A. § 7553 (where evidence of guilt is great, person charged with crime punishable by life imprisonment may be held without bail).

¶ 2. Bail may be denied pursuant to § 7553 when the State has shown "that facts exist that are legally sufficient to sustain a verdict of guilty. The trial court must make a specific finding that this burden has been met." *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). A presumption arises in favor of incarceration if substantial, admissible evidence,

taken in the light most favorable to the State and disregarding modifying evidence, can fairly and reasonably show that defendant is guilty beyond a reasonable doubt. *State v. Avgoustov*, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). The trial court must then exercise its discretion in a nonarbitrary manner to determine whether defendant should be held without bail or may be released on conditions. *Id.* We review the trial court's decision to determine if the proceedings support the finding. *State v. Blackmer*, 160 Vt. 451, 456, 631 A.2d 1134, 1137 (1993).

¶ 3. The district court here erred in two important respects. First, the court erred by failing to find that defendant's conduct satisfied every element of the statute under which he was charged. The State was required to show, and the court was required to find, that defendant was a person who: (1) engaged in a sexual act with another person; (2) without her consent; and (3) while "joined or assisted" by one or more persons. 13 V.S.A. § 3253(a)(2). The court simply did not make a finding as to whether defendant's acts met the third element. This alone would warrant reversal and remand.

¶ 4. The district court further erred, however, in refusing to consider any evidence pertaining to the imposition of conditions of release. The defense proposed to introduce testimony from defendant's wife in support of the contention that defendant should be released with stringent conditions. The court ruled that, because defendant was to be held without bail under § 7553, evidence concerning conditions of release was "not relevant." Our cases, however, are to the contrary. Even when a trial court has properly found — and, as noted, the district court here did not properly so find — that the evidence of a defendant's guilt is great, the court must go on to exercise its discretion in deciding whether to hold the defendant without bail or to impose conditions of release. *Avgoustov*, 2006 VT 90, ¶ 2; *State v. Turnbaugh*, 174 Vt. 532, 535, 811 A.2d 662, 666 (2002) (mem.); *Blackmer*, 160 Vt. at 458, 631 A.2d at 1139.

¶ 5. On remand, then, the trial court shall hold a new hearing on defendant's motion. After that hearing, defendant may not be held without bail under § 7553 unless the district court explicitly finds that the evidence of guilt is great. Such a finding, plainly, must include explicit findings that defendant committed *every element* of the charged offense. Further, if the court should find that the evidence of guilt is great as to every element of the offense, it must then consider evidence relevant to whether defendant should be held without bail or released on conditions, and must exercise its discretion in determining whether release with conditions is appropriate.

*Reversed and remanded for further proceedings consistent with this opinion; new bail hearing to be held forthwith.*