2008 VT 127

**STATE of Vermont v. Kenneth BERTRAND**

[967 A.2d 1137]

No. 08-370

¶ 1. September 18, 2008. Defendant Kenneth Bertrand appeals from an order of the district court denying bail. Defendant is charged with one count of lewd and lascivious conduct and one count of sexual assault. 13 V.S.A. §§ 2601, 3252(a)(1).

¶ 2. The maximum sentence for sexual assault under the circumstances alleged is life imprisonment. 13 V.S.A. §§ 3252(f)(1), 3271(a)(2), (b). Thus, defendant may be held without bail if the evidence of guilt is great. Vt. Const. ch. II, § 40; 13 V.S.A. § 7553. After determining that a defendant may be held without bail, the trial court then must exercise its discretion in determining whether or not to impose bail and conditions of release. *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993). A presumption arises in favor of incarceration. *State v. Avgoustov*, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). The court's discretion is extremely broad, but its decision cannot be arbitrary. *Blackmer*, 160 Vt. at 458, 631 A.2d at 1139. The court must make findings to indicate how its discretion was exercised. *State v. Passino*, 154 Vt. 377, 379, 577 A.2d 281, 283 (1990).

¶ 3. At a hearing below, the alleged victim as well as the arresting officer testified in support of the State. The court determined that the State had made its prima facie case, and therefore, that the evidence of guilt was great. To demonstrate that evidence of guilt is great the State "must show that facts exist that are legally sufficient to sustain a verdict of guilty." *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). Defendant has raised no specific argument on appeal as to why the evidence of his guilt was not great. He did, however, contend at trial that the alleged victim's testimony was ambivalent and thus did not constitute "great" evidence of guilt. This is a question of law that we can determine independently. Here, the testimony of the alleged victim was sufficient for the State to show lack of consent. Although the testimony may have been ambivalent, it could nonetheless have provided a legally sufficient basis for a guilty verdict if the factfinder found it credible. See *id.* We therefore affirm the trial court's determination that the evidence of defendant's guilt was great.

¶ 4. After the trial court concluded that defendant could be held without bail because the evidence of guilt was great, defendant proposed that he be released on conditions, and offered the testimony of a friend who was willing to house defendant if he was released on conditions. The court concluded that defendant had "failed to demonstrate to the Court that the safety of the community can be assured by [his] release on conditions." The trial court made no findings as to why this conclusion was reached, however.

¶ 5. In situations where there is no right to bail, we have held that the trial court must exercise its discretion in determining whether to grant bail, and must therefore make findings to indicate how that discretion was exercised. *Passino*, 154 Vt. at 379, 577 A.2d at 283. The record of the proceedings below does not indicate how the court exercised its discretion in rejecting defendant's proposed conditions of release. We remand so that the court may make findings consistent with this opinion.

*Affirmed in part, and remanded in part.*