2009 VT 22

**STATE of Vermont v. Dominic FALZO**

[969 A.2d 694]

No. 09-033

¶ 1. February 19, 2009. Defendant appeals the district court's January 30, 2009 decision to hold him without bail pursuant to 13 V.S.A. § 7553.[1] We affirm the district court's hold-without-bail decision but remand the matter for a hearing to determine if defendant may nevertheless be released on conditions.

¶ 2. On September 2, 2008, defendant was arraigned on one charge of aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(8). Defendant faced life imprisonment on the charge. See 13 V.S.A. § 3253(b). The State requested bail, and the judge set bail at $20,000, with certain conditions.

¶ 3. Defendant's case proceeded while he remained free from incarceration pursuant to the district court's bail order.

Defendant filed a motion to dismiss the charge, which the district court denied on November 26, 2008. The State deposed the complainant towards the end of January 2009. Based in part on this deposition, the State filed an amended information on January 30, 2009 that alleged an additional act of aggravated sexual assault. The State also requested that the district court review bail and hold defendant without bail. The additional act, although originally uncharged, was described in the State's initial probable cause affidavit. The complainant's deposition essentially confirmed the facts alleged in the probable cause affidavit.

¶ 4. It appears that, at defendant's arraignment on January 30, the district court determined the evidence of guilt was great and decided to hold defendant without bail. It reasoned that the second charge of aggravated sexual assault was based on evidence that it previously evaluated when considering defendant's motion to dismiss the first charge, and, in addition, the second charge was now supported by its review of the complainant's sworn deposition. The district court also noted that its prior ruling on defendant's motion to dismiss found that the standard set forth by Rule 12(d) of the Vermont Rules of Criminal Procedure had been met — the State "has . . . substantial admissible evidence upon which a reasonable jury could find the defendant guilty beyond a reasonable doubt." The district court held defendant without bail.[2] Due to defense counsel's expressed concern regarding defendant's lack of notice of the amended information, the district court agreed to schedule a hearing to allow

---

[1] Section 7553 reads, in pertinent part: "[a] person charged with an offense punishable by life imprisonment when the evidence of guilt is great *may* be held without bail." 13 V.S.A. § 7553 (emphasis added).

[2] The standard for assessing whether the evidence of guilt is great for purposes of 13 V.S.A. § 7553 is the same as that for deciding whether the State can survive a motion to dismiss under Rule 12(d). *State v. Duff*, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989).

defendant to challenge the weight of the evidence. Defense counsel, however, immediately appealed the district court's decision to hold defendant without bail. At the hearing scheduled by the district court four days later, defendant argued that the court lacked jurisdiction to hold the hearing, because the matter was now before this Court, and requested the hearing be cancelled. The district court complied. This appeal was then heard.

¶ 5. On appeal, defendant argues that he was entitled to a hearing before the district court on the State's request to hold him without bail and for time to prepare for the same. Defendant further argues that he should have been released pending the outcome of this hearing.

¶ 6. We agree with defendant that he is entitled to a hearing regarding whether he is bailable in the discretion of the court. Our prior decisions have made this clear. A trial judge has the discretion to allow bail even where, pursuant to 13 V.S.A. § 7553, a defendant is not entitled to it. See, e.g., *State v. Avgoustov*, 2006 VT 90, ¶ 7, 180 Vt. 595, 907 A.2d 1185 (mem.); *State v. Passino*, 154 Vt. 377, 379, 577 A.2d 281, 283 (1990); *Duff*, 151 Vt. at 441-42, 563 A.2d at 264. Moreover, a defendant is entitled to a hearing to inform the district court's discretion. See, e.g., *Duff*, 151 Vt. at 441, 563 A.2d at 264. On remand, the district court may decide to retain or release defendant in the exercise of its sound discretion. See *id.*

¶ 7. We deny, however, defendant's request to order the district court to release him from custody pending the outcome of the hearing on whether defendant is bailable. Where, as here, a trial court has determined that the evidence indicating that a defendant committed a crime punishable by life imprisonment is great, and that decision is supported by the record, the trial court may order the defendant held without bail pending the outcome of a hearing on whether the defendant may be released on conditions. See *Passino*,

154 Vt. at 383, 577 A.2d at 285 ("Based on the initial determination that there is probable cause to believe that the offense was committed and that defendant committed it, see V.R.Cr.P. 4(b), the court can hold a defendant charged with an offense punishable by life imprisonment without bail for such time as is necessary to enable the parties to prepare for a full bail hearing . . . ."). A court may not dally in scheduling the required hearing, see *id.*, and the record reflects that the district court here attempted to schedule a hearing within days of issuing its hold-without-bail order. The hearing, which was scheduled for February 3, 2009, did not take place as planned only because defense counsel refused to participate pending the outcome of this premature appeal. Therefore, we see no error in the procedure followed by the district court.

¶ 8. We note in closing that defense counsel's refusal to participate in the February 3 hearing due to his belief that this appeal divested the district court of jurisdiction does not waive defendant's right to a hearing on whether he is bailable. Whatever confusion counsel may have labored under should not work to defendant's disadvantage.

*Remanded for further proceedings consistent with the views expressed herein.*