2009 VT 62

**STATE of Vermont v. Trevor P. HERRICK**

[979 A.2d 466]

No. 09-168

¶ 1. June 8, 2009. Defendant appeals the district court's May 6, 2009 decision to hold him without bail pursuant to 13 V.S.A. § 7553. We affirm.

¶ 2. Defendant is charged with second degree murder under 13 V.S.A. § 2301 stemming from an incident wherein it is alleged that he stabbed and killed the husband of the woman with whom he was having an affair. If convicted, defendant faces life imprisonment on this charge. 13 V.S.A. § 2303. Where, as here, the parties have stipulated that the evidence of defendant's guilt is great, he is not entitled to bail pending his trial, see 13 V.S.A. § 7553, and a presumption in favor of incarceration arises, see *State v. Avgoustov*, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (three-justice bail appeal). Nevertheless, the trial court may, in its discretion, decide to bail him. See *State v. Falzo*, 2009 VT 22, ¶ 6, 185 Vt. 616, 969 A.2d 694 (three-justice bail appeal).

¶ 3. Here, the trial court conducted, as is required, see *id.*, a hearing to inform its discretion. In its ruling following the hearing, the court considered whether, under 13 V.S.A. § 7554, any condition or combination of conditions could reasonably assure the court that defendant would appear for trial and not pose a danger to the public in the interim. Although several factors weighed in favor of releasing defendant, including defendant's family ties and employment, the court concluded that those factors were "outweighed by the seriousness of the offense, . . . factors relating to the nature and circumstances of the offense, and . . . defendant's character and mental condition." It therefore denied bail.

¶ 4. On appeal, defendant asserts that the trial court abused its discretion in deciding to hold him without bail. He contends that the trial court could not look to the current charge against him in assessing his character and mental condition and that consideration of other statutory factors should have weighed more heavily in his favor.

¶ 5. Assuming, arguendo, that the trial court's consideration of the current charge against defendant was improper with respect to evaluating his character and mental condition, defendant has nevertheless failed to show that the court abused its considerable discretion in denying bail, especially as there exists a presumption of incarceration. In this context, to survive appellate review the trial court need only demonstrate that its exercise of discretion was not arbitrary. *Avgoustov*, 2006 VT 90, ¶ 2. Here, the trial court amply documented the variety of factors it considered in making its bail decision, including, in particular, the nature and circumstances of the offense. Even were we to disagree with the weight assigned to any particular factor, or the relative weighting of all the factors considered by the trial court, as defendant does, we cannot conclude on this record that the court's decision was arbitrary.

*Affirmed.*