2009 VT 97

**STATE of Vermont v. Dominic R. FALZO**

[981 A.2d 424]

No. 09-285

¶ 1. August 20, 2009. Defendant appeals the district court's July 23, 2009 decision to hold him without bail pursuant to 13 V.S.A. § 7553, which states that a "person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." We affirm.

¶ 2. The underlying facts of this case are recounted in this Court's earlier deci-

sion regarding defendant's appeal of a previous hold-without-bail determination. *State v. Falzo*, 2009 VT 22, 185 Vt. 616, 969 A.2d 694 (mem.). In our earlier decision, we affirmed the district court's ruling that the State had met its burden for showing that defendant could be held without bail, but we remanded the case for "a hearing on whether the defendant may be released on conditions." *Id.* ¶ 7. As we noted, a "trial judge has the discretion to allow bail even where, pursuant to 13 V.S.A. § 7553, a defendant is not entitled to it." *Id.* ¶ 6.

¶ 3. Because we agreed with defendant that the district court should have granted him "a hearing regarding whether he is bailable in the discretion of the court," we ordered the district court to hold a hearing to "decide to retain or release defendant in the exercise of its sound discretion." *Id.* After several delays (apparently at defendant's request), the district court held a bail hearing on July 23, 2009. At that hearing, defendant called three witnesses to testify in favor of releasing defendant on conditions. When the hearing concluded, the trial judge ruled against defendant and ordered that defendant continue to be held without bail.

¶ 4. Our review here is strictly limited. Because defendant does not assert that he is entitled to bail, his argument is limited to claiming that the district court abused its discretion in denying bail. In these circumstances, however, "so long as the trial court gives a defendant an opportunity to be heard, the trial court's discretion is extremely broad." *State v. Hardy*, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.) (quotation omitted).

¶ 5. We find no abuse of discretion here. The trial judge held a hearing and made specific findings explaining her reasoning for denying bail. We have previously held that in these situations, as long as the district court "consider[s] certain factors set forth in 13 V.S.A. § 7554," its ruling is generally "within its discretion." *State v. Avgoustov*, 2006 VT 90, ¶ 7, 180 Vt. 595, 907 A.2d 1185 (mem.); cf. *State v. Bertrand*, 2008 VT 127, ¶ 5, 185 Vt. 574, 967 A.2d 1137 (mem.) (remanding to trial judge to make findings explaining its exercise of discretion); *State v. Morris*, 2008 VT 126, ¶ 5, 185 Vt. 573, 967 A.2d 1139 (mem.) (same).

¶ 6. Section 7554 lists a number of factors to be considered in "determining whether the person presents a risk of nonappearance." 13 V.S.A. § 7554(a)(1). Here, the trial judge considered several of these factors, including that defendant is facing "not only one but two life imprisonment charges," as well as three other felony charges. The trial judge also found that defendant's mental condition created a risk of nonappearance, since he has "been suicidal in the past." In addition, the district court found that defendant's "employment history has been shaky or sporadic," and his only proposed place of residence — his mother's home — would not provide adequate supervision to ensure that defendant would abide by any conditions imposed by the court. See *State v. Gardner*, 167 Vt. 600, 601, 709 A.2d 499, 500 (1998) (mem.) ("[I]t is entirely appropriate for the court to deny bail unless it is *fully convinced that the defendant will abide by the conditions* that would be imposed if defendant were released." (quotation omitted)). For these reasons, we find that the district court acted within its discretion in denying bail.

*Affirmed.*