# ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-473

JANUARY TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Quondell Knight | } | |
| | } | DOCKET NO. 1170-11-12 Bncr |
| | } | |
| | | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

The State appeals the superior court's denial of its motion to detain defendant Quondell Knight without conditions of release under 13 V.S.A. § 7553a, as well as that court's denial of its motion to revoke release conditions imposed for earlier charges. I affirm the denial of the motion to revoke release conditions, but remand for further proceedings as to the motion to detain defendant without conditions for the new charges.

Defendant faces a number of domestic assault charges for which he was arraigned in November 2012. The State moved to hold defendant without conditions of release, but after a weight-of-the-evidence hearing, the superior court denied that motion, finding that there were conditions of release under which defendant could be released that would adequately protect the victim. Those conditions included barring defendant from having contact with, abusing, or harassing the victim and two minor children of defendant and the victim. The State appealed to a single justice of this Court, who affirmed.

One week after this Court's affirmance, defendant was arraigned and charged with four counts in relation to an alleged assault on December 4, 2012 upon on his four-year-old son: Aggravated Domestic Assault (Prior), 13 V.S.A. § 1044(a)(2)(B); Cruelty to a Child Under Ten Years, 13 V.S.A. § 1304; Violation of Conditions of Release for having contact with the victim of the first set of domestic assault charges, the mother of his two children, 13 V.S.A. § 7559(e); and Violation of Conditions of Release for abusing his son, J.K., 13 V.S.A. § 7559(e).

The State moved for (1) defendant to be held without conditions of release pursuant to 13 V.S.A. § 7553a while he awaited trial on the new assault and cruelty charges, and (2) revocation of conditions for the earlier charges based on the violations of the conditions of release for those charges. The trial court denied both motions, and set bail by cash or surety and new conditions for the new charges.

This Court reviews orders imposing bail and conditions of release "only for abuse of discretion." State v. Hoffman, 2007 VT 141, ¶ 5, 183 Vt. 547; see 13 V.S.A. § 7556(c). When the State appeals a defendant's release, this Court must affirm if the order is supported by the proceedings below. Id. § 7556(c).

As the trial court recognized, the standard for assessing whether the evidence of guilt is great for purposes of 13 V.S.A. § 7553a is the same as that for deciding whether the State can survive a motion to dismiss under V.R.C.P. 12(d). State v. Duff, 151 Vt. 433, 439-40 (1989). This means that the judge in evaluating the question of whether evidence of guilt is great cannot take on the role of a factfinder, but must evaluate the pleadings in the light most favorable to the State. Id.

Here, the court improperly took on the role of a factfinder in two ways.

First, it found that the statement by J.K. that his father "popped him in the mouth" was "ambiguous" because it came from a four-year-old child. The State objects to this application of a "different standard" for a child's statements, but the more profound problem with the court's analysis is that the court was taking on the role of the factfinder in assessing credibility. We have found in a case under 13 V.S.A. § 7553 that where a victim's statement was "ambivalent," a court must leave determination of the credibility of such a statement to the factfinder: "Although the testimony may have been ambivalent, it could nonetheless have provided a legally sufficient basis for a guilty verdict if the factfinder found it credible." State v. Bertrand, 2008 VT 127, ¶ 3, 185 Vt. 574. The same would apply to an "ambiguous" statement.

Second, the court cited testimony by the investigating trooper about a sore in J.K.'s mouth that it looked like it could be an injury, or could be a cold sore. A picture of the sore was in evidence and, noting that it thought that the picture of this part of J.K.'s lip looked more like a cold sore, the court stated that it could not make a finding that an injury had been established. When testimony includes evidence for more than one explanation of a certain situation, the determination of which explanation is correct lies with the factfinder. See State v. Robinson, 158 Vt. 286, 292, (1992) ("This is the type of determination between innocent and guilty interpretations of ambiguous evidence appropriately resolved by the jury.").

Because J.K.'s "ambiguous" statement regarding his father's actions, combined with the trooper's statement that J.K.'s sore looked like it could have been an injury, could have provided a legally sufficient basis for a guilty verdict, the trial court erred in finding that the evidence of defendant's guilt was not great. When a trial judge applies the wrong legal standard, that is necessarily an abuse of discretion. In re R.H., 2010 VT 95, ¶ 21, 189 Vt. 15. I therefore remand for the court to reconsider the State's motion to hold defendant without conditions of release. In doing so, the court must address the second and third prongs of 13 V.S.A. § 7553a—whether, "based upon clear and convincing evidence . . . the person's release poses a substantial threat of

physical violence to any person and . . . no condition or combination of conditions of release will reasonably prevent the physical violence."[*]

As for the trial court's denial of the State's motion to revoke conditions of release, we affirm. The court found that the defendant had repeatedly violated his conditions of release, 13 V.S.A. § 7575(2), but that the violations had not disrupted the prosecution of the first charges. The court was correct—defendant had a right to conditions of release because the court had found that the last prong of § 7553a was not met for the first set of charges, so the provisions of 13 V.S.A. § 7575 apply. Therefore, under State v. Sauve, 159 Vt. 566, 576 (1993), "[t]o…render § 7575(2) constitutional, there must be a nexus between defendant's repeated violations and a disruption of the prosecution." There is support in the evidence presented for the court's ruling. I affirm.

FOR THE COURT:

_____

John A. Dooley, Associate Justice

---

[*] These prongs do involve factfinding by the court. While I recognize given the court's ruling on whether the evidence of guilt was great that it is unlikely to find that the second prong has been met, the standards are sufficiently different that a remand is required.

3