# ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-158

MAY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Criminal Division |
| Kyle Bolaski | } | |
| | } | DOCKET NO. 972-8-08 Wrcr |
| | } | |
| | | Trial Judge: Karen R. Carroll |

In the above-entitled cause, the Clerk will enter:

Defendant Kyle Bolaski appeals an order holding him without bail pending trial pursuant to 13 V.S.A. § 7553. We recently reversed and remanded defendant's jury conviction for second-degree murder in State v. Bolaski, 2014 VT 36, ___ Vt. ___. Some confusion ensued regarding his default bail status. Both sides filed motions about what that status should be shortly before[1] the subsequent status conference. At the status conference, the lawyers discussed their bail motions but no further evidence was presented. At the end of this status conference, the trial court held defendant without bail pending trial. Defendant argues that he did not have adequate, clear notice that the status conference would include a bail hearing, and therefore did not have an adequate opportunity to present his argument and relevant evidence. We agree.

"A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." 13 V.S.A. § 7553. Second-degree murder is an offense punishable by life imprisonment. Although there is no dispute in this case that evidence of guilt is great, defendant is entitled to a hearing for the court to consider whether to exercise its discretion to allow bail even if defendant is not entitled to it. State v. Falzo, 2009 VT 22, ¶ 6, 185 Vt. 616; see also 13 V.S.A. § 7554. Defendant is entitled to a bail hearing even where he missed the opportunity to have one due to defense counsel's mistakes. Id. ¶ 8 ("Whatever confusion counsel may have labored under should not work to defendant's disadvantage.").

---

[1] Defendant's motion was filed the day of the status conference. The State's motion was apparently mailed the day before the conference but had not yet arrived at the time of the conference.

In this case, whatever the source of the confusion at the status conference, defendant did not have an adequate opportunity to present evidence and argument regarding the potential for pretrial release. The hold-without-bail order is reversed and remanded for a new hearing.

Reversed and remanded.

BY THE COURT:

_____
John A. Dooley, Associate Justice

☐ Publish

_____
Beth Robinson, Associate Justice

☒ Do Not Publish

_____
Geoffrey W. Crawford, Associate Justice