## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-254

AUGUST TERM, 2014

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } |
| | } |
| v. | } Superior Court, Windham Unit, |
| | } Criminal Division |
| Christopher Monatukwa | } |
| | } DOCKET NO. 726-6-14 Wmcr |
| | } |
| | Trial Judge: |

In the above-entitled cause, the Clerk will enter:

Defendant Christopher Monatukwa appeals a decision of the Windham Superior Court, Criminal Division ordering him held without bail pursuant to 13 V.S.A. § 7553. Section 7553 states that "[a] person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." On June 2, 2014, defendant was arraigned on six charges: aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(9); sexual assault in violation of 13 V.S.A. § 3252(a)(1); lewd and lascivious conduct in violation of 13 V.S.A. § 2601; unlawful restraint in the second degree in violation of 13 V.S.A. § 2406(a)(3); and, simple assault in violation of 13 V.S.A. § 1023(a)(1). Both counts of sexual assault carry a maximum penalty of life imprisonment. 13 V.S.A. §§ 3252(f)(1), 3253(b). Defendant pleaded not guilty to all six counts. At a hearing on July 15, 2014 to determine the weight of the evidence, the court found that the evidence of guilt was great for the charge of aggravated sexual assault.[1] Once the court concluded that defendant was not entitled to bail under § 7553, it denied defendant's release on bail pursuant to § 7554. See State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204 (explaining that once a court concludes a defendant is not bailable as of right, it still has the discretion to allow release on bail). Defendant appeals, arguing that the evidence presented at the hearing does not rise to the level of "great" evidence of guilt. He does not appeal the court's discretionary decision not to release him on conditions. We affirm.

In determining whether the evidence of guilt is great under § 7553, we consider "whether the evidence, taken in the light most favorable to the State and excluding modifying evidence can fairly and reasonably show defendant guilty beyond a reasonable doubt." State v. Duff, 151 Vt. 433, 439-40, 563 A.2d 258, 263 (1989) (quotation omitted) (adopting the V.R.Cr.P. 12(d) standard as correct standard for review under § 7553). To meet this standard, the State must present substantial, admissible evidence to support each element of the crime. Id. at 439, 563 A.2d at 262-63. On appeal, we determine whether the court's decision is supported by the proceedings and decide whether the

---

[1] After the July 15 hearing, the trial court issued an order stating that DOC is to prepare a report on the possibility of defendant's home detention. A hearing on DOC's home-detention report is scheduled for August 19, 2014.

State has met its burden of presenting substantial, admissible evidence of guilt.  State v. Passino, 154 Vt. 377, 377, 577 A.2d 281, 282 (1990).

In order to establish a prima facie case for aggravated sexual assault under 13 V.S.A. § 3253(a)(9), the State must prove that the victim has been "subjected by the [defendant] to repeated nonconsensual sexual acts as part of the same occurrence or the victim is subjected to repeated nonconsensual sexual acts as part of the actor's common scheme and plan."  A "sexual act" is defined as

> conduct between persons consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any intrusion, however slight, by any part of a person's body or any object into the genital or anal opening of another.

13 V.S.A. § 3251(1).  Consent is defined by the statute to mean "words or actions by a person indicating a voluntary agreement to engage in a sexual act."  Id. § 3251(3).

After reviewing the transcript of the weight-of-the evidence hearing and the admitted exhibits in the light most favorable to the State, we conclude that the proceedings support the trial court's decision to hold defendant without bail.  The State presented the following evidence at the hearing. John Griffus, a detective with the Brattleboro Police Department, testified in support of the State.  He testified to his personal observations of the blood-stained mattress, carpeting, and doorway threshold in complainant's apartment.  Photographs of the blood stains were admitted into evidence.

An audio recording of complainant's statement to the Brattleboro police was played during the hearing.[2]  At the end of the recording, complainant swears to the truth of the statement.  In her statement, complainant recounts that she met defendant, whom she knew from school, at a bar on the night of May 27, 2014.  She explained that defendant walked her home and fell along the way, cutting his leg and that she invited him up to her apartment to care for his cut leg.  She stated that over the course of the night, defendant put his finger in her vagina and put his penis in her vagina without her consent.

On appeal, defendant argues that the evidence of guilt is not substantial and that the State failed to establish its prima facie case.  His defense appears to be that the sexual encounter was consensual. To support this point, defendant argues that complainant's report is "self-defeating" and that a number of statements she made "undermine[] the substantiality" of her report.  Defendant characterizes complainant's statement as demonstrating her interest in a sexual relationship with defendant, points to complainant's mental-health history, and questions her statement that she communicated her lack of consent. Defendant maintains that he is not arguing that complainant's report is not credible, but rather that taking the complainant's statement as a whole, it does not rise to the level of "substantial" evidence.

---

[2]  Defendant did not object to the admissibility of this audio recording in the proceedings below.  To the extent that defendant, in his appeal, references the argument that the recording is hearsay, it is to undermine the weight of complainant's statement. Defendant did not and has not challenged the admissibility of this evidence.

2

We disagree.  Notwithstanding the alleged weaknesses in complainant's statement, we conclude that the State has met its burden of demonstrating substantial evidence of guilt.  The complainant specifically described how the defendant approached her in her room, threw her on the bed and started kissing her.  Per her report, although she went along for a period, she then stopped, got up, and told him she did not want to have sex with him.  She asked him to leave, but he continued to try to persuade her to let him stay.  She described what happened next:  "He grabbed me and you know, just like held me and I kept trying to get away but I was not interested in fighting this guy.  I knew if I did I would not win."  He then started kissing her and touching her all over, including biting her and inserting his finger inside of her.  When she again separated and said she did not want to do that, he backed off again, temporarily, but then, in her words, "he kept trying again and then I was like no but at that time I was, he flipped me so I was like on my stomach" after which, she says, he pulled her hair and began touching her again.  She stated that she panicked because she couldn't move and said "no" very clearly but he still pushed himself inside of her, causing her to scream in pain.  She stated that the encounter resulted in her bleeding on her mattress and carpet.  A police officer corroborated the presence of blood at the scene after the fact.  This evidence, if believed by a jury, could fairly and reasonably show defendant to be guilty beyond reasonable doubt of aggravated sexual assault.

Defendant raises issues that could be used to impeach complainant's testimony at a trial on the merits, but these issues do not, on their face, contradict her sworn statements that defendant engaged her in nonconsensual sexual acts.  We have held, in the context of excluding the consideration of testimonial modifying evidence from consideration at the bail stage, that "credibility questions are not properly resolved by judges at bail hearings."  State v. Stolte, 2012 VT 12, ¶ 13, 191 Vt. 600, 603, 44 A.3d 166, 170 (2012) (mem.) (3J bail appeal); see also State v. Turnbaugh, 174 Vt. 532, 534, 811 A.2d 662, 665 (2002) (mem.) (3J bail appeal) (calling upon trial court to make credibility determinations based on conflicting evidence at bail review hearing would treat hearing as if it were an adjudication on the merits).  That principle applies here as well.  Taken in the light most favorable to the State, the evidence in this case supports the decision not to release defendant on bail.  See State v. Bertrand, 2008 VT 127, ¶ 3, 185 Vt. 574, 967 A.2d 1137 (mem.) (bail appeal) (concluding that evidence of guilt was great in case of sexual assault and lewd and lascivious conduct based on testimony of complainant and arresting officer).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

☐ Publish

John A. Dooley, Associate Justice

☒ Do Not Publish

Beth Robinson, Associate Justice

3