2014 VT 119

**STATE of Vermont v. Luke THERIAULT**

[109 A.3d 448]

No. 14-359

¶ 1. November 4, 2014. Defendant appeals the trial court's September 17, 2014 order holding that the evidence of his guilt was great. See 13 V.S.A. § 7553 ("A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail."). Defendant was charged with second degree murder in the death of two-year-old Jamaal (Munyon) Turkvan and has been held without bail pending proceedings. The court conducted a hearing on the weight of the evidence on September 10, 2014, and, after consideration, decided that the evidence of guilt was great. Defendant appealed this determination. Therefore, the trial court has not yet considered whether to exercise its discretion to release appellant on conditions, bail, or some combination thereof. *State v. Avgoustov*, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.) (holding that after finding evidence of guilt great, trial court must determine, in its discretion, whether to release defendant on conditions or hold without bail). Our review, then, is limited to whether the evidence of guilt was great.

¶ 2. On review, this Court must consider "whether the evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." *State v. Duff*, 151 Vt. 433, 439, 563 A.2d 258, 263 (1989) (quotation omitted). Acknowledging that the threshold for great evidence of guilt lies between "probable cause" and "beyond a reasonable doubt," this Court has adopted the Vermont Rule of Criminal Procedure 12(d) standard for review under § 7553. *Id.* at 440, 563 A.2d at 263. Accordingly, the State has the burden of showing: "(1) that *substantial, admissible* evidence of guilt exists, and (2) the evidence can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty." *Id.* The State must present such evidence, and the court must make a specific finding, as to each element of the charged crime. *State v. Memoli*, 2008 VT 85, ¶¶ 3, 5, 184 Vt. 564, 956 A.2d 575 (mem.); see also *State v. Monatukwa*, 2015 VT 32, ¶ 2, 197 Vt. 642 (mem.) (citing *Duff*, 151 Vt. at 439, 563 A.2d at 263).

¶ 3. Defendant first challenges the trial court's holding as to actus reus — that he unlawfully killed Turkvan with a physical blow. This Court has upheld numerous convictions based solely on circumstantial evidence. "Our case law is clear that the guilt of a defendant in a criminal case may be proved by circumstantial evidence alone, if the evidence is proper and sufficient in itself," as "measured against the same standard as all other evidence," guilt beyond a reasonable doubt. *State v. Warner*, 151 Vt. 469, 472, 560 A.2d 385, 387 (1989); see, e.g., *id.* at 470-72, 560 A.2d at 386-87 (Although police testified there were "other plausible explanations" for defendant's behavior and appearance, a conviction for driving under the influence was proper where defendant appeared and acted intoxicated at police station, refused ride from police, was last seen headed for his vehicle, was found ten minutes later with the vehicle outside his home, and no other vehicles had been driven into police lot during the relevant

time period.); *State v. Bourassa*, 137 Vt. 62, 64-65, 68-69, 399 A.2d 507, 509-12 (1979) ("The State's evidence . . . if believed by the jury, [was] so cogent as to exclude every reasonable theory consistent with the defendant's innocence" on breaking-and-entering charge where evidence was limited to: witness seeing man fitting defendant's description attempt to access a pharmacy by roof at night, police seeing man of same description run into the woods, a bloodhound leading police to the spot where defendant was hiding, defendant admitting to being with co-defendant earlier in the night, and defendant's alibi proving dubious.).

¶ 4. Here, similarly, the circumstantial evidence shows great evidence of guilt. There were no witnesses to Turkvan's fatal injury and no direct evidence was presented to link defendant with the child's death. The court instead rested its determination on the following facts. Turkvan's medical examiner reported that the child died from trauma to his abdomen, commonly seen after motor vehicle accidents. Few types of plausible impacts could produce the force necessary to inflict the child's injury — the two most reasonable being falls onto a protruding object from a great height or blows to the abdomen. The examiner narrowed the time of the injury to between three and thirty-six hours before his death. Considerable testimony created a timeline of that window with no period unaccounted for except certain hours when Turkvan and his mother were sleeping on the nights of July 2 and 3. Testimony further indicated that during this window Turkvan suffered no blunt-force collisions capable of causing his death, and showed no symptoms of abdominal injury until the morning of July 3, the day before he died. This framework narrowed the likely window of the time of the injury and the list of people who had the opportunity to inflict it. Moreover, while defendant told police he went to bed between 9:00 and 10:00 p.m. on July 2, the child's mother testified defendant came to bed around 4:00 a.m. Defendant also told police that he thought Turkvan had been complaining about his stomach on July 3, before the cause of death had been revealed to Turkvan's family and when no one else having contact with Turkvan was aware of such complaints. Based on this evidence, the court found the evidence was great that defendant had struck Turkvan with a fatal blow on the night of July 2. We acknowledge there are other theoretically possible ways that Turkvan could have sustained his abdominal injury, but we are satisfied that a reasonable jury could, if it credited the testimony of the State's witnesses, find beyond a reasonable doubt that defendant killed Turkvan by hitting him in the abdomen.

¶ 5. Defendant also contends that the trial court did not make a specific finding on the element of mens rea, and even if it did, there was insufficient evidence on that element. Second degree murder is a specific intent crime in Vermont. *State v. Sexton*, 2006 VT 55, ¶ 17, 180 Vt. 34, 904 A.2d 1092. Two of its three possible culpable states of mind are alternatively charged by the State in this case: "intent to cause great bodily harm, or wanton disregard of the likelihood that one's conduct would naturally cause death or great bodily harm." *Id.*

¶ 6. A trial court's failure to make a finding as to one or more elements of the charged crime warrants reversal of denial of bail under § 7553. *Memoli*, 2008 VT 85, ¶ 3. Here, after laying out a detailed outline of circumstantial evidence, the court held that if the jury credited those facts, "it could find beyond a reasonable doubt that Defendant inflicted the lethal injuries and that the elements of second degree murder are proved." It further found that a reasonable jury could find "that Defendant unlawfully killed Jamaal by striking him with a physical blow with

an intention to do great bodily harm or wanton disregard for the likelihood that great bodily harm or death would result . . . ." We hold that the court satisfied its duty to address each element.

¶ 7. As to defendant's sufficiency argument, we hold there was substantial, admissible evidence for a reasonable jury to find beyond a reasonable doubt that defendant had the requisite specific intent for second degree murder. The nature of a defendant's wrongful act or of a victim's resulting injury itself can provide ample support for a reasonable jury to infer culpable mens rea. See, e.g., *State v. Johnson*, 2013 VT 116, ¶ 29, 195 Vt. 498, 90 A.3d 874 (holding victim's two-inch laceration on neck "sufficiently serious as to prove specific intent to kill, regardless of what the perpetrator said at the time"). Indeed, " '[i]ntent is rarely proved by direct evidence; it must be inferred from a person's acts and proved by circumstantial evidence.' " *Id.* (quoting *State v. Cole*, 150 Vt. 453, 456, 554 A.2d 253, 255 (1988)). If the jury here believes defendant committed the alleged wrongful act — striking two-year-old Jamaal Turkvan in the stomach with a forceful blow — the jury could thereby also find that Turkvan's injury or defendant's act was "sufficiently serious to prove" intent to do great bodily harm or wanton disregard that such harm would result.

*Affirmed.*