**ENTRY ORDER**
2017 VT 21
SUPREME COURT DOCKET NO. 2017-060
MARCH TERM, 2017

| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Orleans Unit, |
| | } | Criminal Division |
| | } | |
| Michael Rondeau | } | DOCKET NO. 155-3-11 Oscr |

Trial Judge:  Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant appeals the trial court's order to hold him without bail pursuant to 13 V.S.A. § 7553.  We affirm.

¶ 2.    In March 2011, the State charged defendant with two counts of aggravated sexual assault for allegedly sexually assaulting his daughter over the course of many years.  In May 2013, defendant was convicted following a jury trial, despite the fact that the charges were based on statutes that did not exist at the time of the alleged assaults.  He appealed, and in November 2016 this Court vacated defendant's convictions on the bases that they violated the prohibition against ex post facto laws and that the information charging defendant with the two counts of aggravated sexual assault did not provide defendant with adequate notice of the cause and nature of the accusations against him.  See State v. Rondeau, 2016 VT 117, ___ Vt. ___ , ___ A.3d ___.

¶ 3.    On December 19, 2016, the State filed a new information in which it again charged defendant with two counts of aggravated sexual assault under 13 V.S.A. § 3253(a)(8) and (9) for the same underlying alleged assaults based on the statute as it existed at the time of the alleged assaults.  The court held an arraignment based on these new charges on December 23, 2016.

¶ 4.    At the arraignment, the State requested that defendant be held without bail pursuant to 13 V.S.A. § 7553.  The court held a weight-of-the-evidence hearing on January 6, 2017.  During this hearing, the State offered the transcript of the original trial as evidence, and this was admitted without objection.  Also, defendant offered that his friend could serve as a custodian if defendant were released on bail, and the State communicated that it had conferred with the complainant two days previously and that she had said that she would be available as a witness at trial.  On January 26, the court issued an order in which it granted the State's request to hold defendant without bail, concluding that "there are no combinations of conditions of release sufficient to assure the Defendant's reappearance and protect the alleged victim" and "[t]he evidence of guilt[] is great."

¶ 5. On appeal, defendant argues that (1) the court's finding that the evidence of guilt was great was improper because the court did not find that defendant's conduct satisfied every element of the statute under which he was charged, and (2) the court abused its discretion in holding defendant without bail because it failed to consider the factors regarding conditions of release set forth in 13 V.S.A. § 7554(b).

¶ 6. Under 13 V.S.A. § 7553, a defendant may be held without bail if he or she is charged with a crime punishable by life imprisonment and the evidence of guilt is great. See id. ("A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail. If the evidence of guilt is not great, the person shall be bailable in accordance with section 7554 of this title."). This statute implements a portion of the Vermont Constitution regarding bail. See Vt. Const. Ch. II, § 40 ("All persons shall be bailable by sufficient sureties, except . . . [a] person accused of an offense punishable by death or life imprisonment may be held without bail when the evidence of guilt is great.").

¶ 7. The court may deny bail pursuant to 13 V.S.A. § 7553 if it specifically finds that the State has shown that the facts are legally sufficient to sustain a guilty verdict. See State v. Duff, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989) ("If the State, or the trial court sua sponte, intends to deny bail pursuant to 13 V.S.A. § 7553, the State must show that facts exist that are legally sufficient to sustain a verdict of guilty. The trial court must make a specific finding that this burden has been met."). If the State meets this burden, then a presumption arises in favor of incarceration. State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.) ("A presumption arises in favor of incarceration if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt."). At that point, the court has discretion to decide whether to hold the defendant without bail or, instead, to impose bail and conditions of release. See State v. Ford, 2015 VT 127, ¶ 10, 200 Vt. 65, 130 A.3d 862 (mem.) ("Even if the trial court determines the evidence of guilt is great and a presumption for incarceration exists, the court may release the defendant on bail."). We review the court's decision for abuse of discretion and will uphold the decision if it is supported by the proceedings. See State v. Memoli, 2008 VT 85, ¶ 2, 184 Vt. 564, 956 A.2d 575 (mem.).

¶ 8. We first address defendant's argument that the court erred by not finding that his conduct satisfied every element of the statute. See id. ¶ 3 ("[T]he court erred by failing to find that [the] defendant's conduct satisfied every element of the statute under which he was charged. . . . The court simply did not make a finding as to whether [the] defendant's acts met the third element [of 13 V.S.A. § 3253(a)(2)]."). Here, defendant argues that "the State was required to show, and the court was required to find," that (1) "defendant was a person who . . . engaged in a sexual act with another person"; (2) "the victim was under the age of 13 and the actor was at least 18 years of age"; and (3) "the actor subjected the victim to repeated nonconsensual sexual acts as part of the same occurrence or subjected the victim to repeated nonconsensual sexual acts as part of the actor's common scheme and plan." Specifically, defendant contends, the court failed to assess the third element.

¶ 9. We disagree. On the face of its decision, the court properly assessed all the elements of 13 V.S.A. § 3253(a)(8) and (9), including the element that there were "repeated nonconsensual sexual acts." The court referenced the complainant's testimony during the trial that

2

"the Defendant began sexually abusing her at age four. The abuse soon progressed to intercourse and eventually to oral sex. . . . [I]t stopped when she was around age 17 . . . Defendant sexually abused her more times than she could count." Moreover, with this emphasis on the complainant's testimony, it is clear that the court did not rely on the convictions themselves from the first trial but rather on the testimony contained within the trial.

¶ 10. We next address defendant's argument that the court abused its discretion in holding him without bail because it failed to consider the factors regarding conditions of release set forth in 13 V.S.A. § 7554(b). Here, defendant first contends that there should be no presumption in favor of incarceration when the court finds that the State has shown that the facts are legally sufficient to sustain a guilty verdict. Defendant next contends that, in this case, the court failed to consider each of the factors regarding conditions of release set forth in 13 V.S.A. § 7554(b).

¶ 11. Again, we disagree. First, the presumption that "arises in favor of incarceration if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt," Avgoustov, 2006 VT 90, ¶ 2, is rooted in both the Vermont Constitution and 13 V.S.A. § 7553. State v. Pratt, 2017 VT 9, ¶ 10, ___ Vt. ___ , ___ A.3d ___. The Vermont Constitution does have a presumption of bail in most circumstances: "All persons shall be bailable by sufficient sureties." Vt. Const. Ch. II, § 40. But it also reverses that presumption under certain circumstances, among them when the defendant is charged with a crime punishable by life imprisonment: "[a] person accused of an offense punishable by death or life imprisonment may be held without bail when the evidence of guilt is great." Id. And as noted previously, 13 V.S.A. § 7553 explicitly implements this constitutional provision: "A person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." As our previous case law has noted, it "removes the constitutional right to bail" and "[b]ecause the constitutional right to bail does not apply, the norm is incarceration, not release." State v. Blow, 2015 VT 143, ¶ 11, ___ Vt. ___, 135 A.3d 672; State v. Blackmer, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993) (summarizing cases and concluding that "in cases where the constitutional right does not apply, the presumption is switched so that the norm is incarceration and not release").

¶ 12. Second, we hold that the court considered each of the factors regarding conditions of release set forth in 13 V.S.A. § 7554(b). Defendant points out that the court released defendant on bail pending his first trial. But defendant goes too far when he argues that "the court failed to justify why [defendant] was suitable for pretrial release before the first trial but not the second." This line of reasoning ignores the broad discretion granted to courts to assess the § 7554(b) factors. See Ford, 2015 VT 127, ¶ 10 (holding that, if court chooses to assess § 7554(b) factors even after finding that evidence of guilt is great, "the trial court's discretion is broad, but the bail decision cannot be arbitrary"); see also Avgoustov, 2006 VT 90, ¶ 2.

¶ 13. The court here did not abuse its discretion. It assessed (1) the "nature and circumstances of the offenses charged," concluding that "the offenses he faces are very serious"; (2) defendant's "family ties, employment, financial resources," noting not only that "no family members came forward after the remand to offer to take him into their custody and supervise him" but also that "at the time of the offenses the Defendant was mostly unemployed. . . . [He] offered no evidence at the hearing about whether he has a job lined up"; (3) and defendant's "character

3

and mental condition," noting that "a number of his family members testified at the first trial that he was not honest or trustworthy" and he "made a specific threat to kill the victim if she 'pushed him too far.' " And the court's assessment of another § 7554(b) factor—the "weight of the evidence against the accused"—was of course contained within its 13 V.S.A. § 7553 finding that the evidence of guilt was great. The court's order therefore shows that its conclusions were properly based on evidence before it, and defendant offers nothing to show that the court abused its discretion in making those conclusions. See Ford, 2015 VT 127, ¶ 10; Avgoustov, 2006 VT 90, ¶ 2.

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


☒ Publish

_____
Beth Robinson, Associate Justice

☐ Do Not Publish

_____
Harold E. Eaton, Jr., Associate Justice

4