VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.          24-AP-406



# ENTRY ORDER

NOVEMBER TERM,    2025

| | | |
|---|---|---|
| Richard LaRoche* v. Darla Sterett (LaRoche) | } | APPEALED FROM: |
| | } | Superior Court, Windsor Unit, Family Division |
| | } | |
| | } | CASE NO. 317-9-14 Wrdm |

In the above-entitled cause, the Clerk will enter:

Attorney Donald P. LoCascio represents appellant Richard LaRoche in the above-captioned matter. For the reasons set forth below, we conclude that Attorney LoCascio violated Vermont Rule of Civil Procedure 11(b)(2) by failing to make a reasonable inquiry into the accuracy of a legal contention contained in a brief he filed with this Court and impose a sanction pursuant to Vermont Rule of Appellate Procedure 25(d)(3).

Attorney LoCascio filed appellant's amended principal brief with this Court on May 8, 2025.[1] Page nine of the brief included the following language:

> "On remand, the trial court must proceed in accordance with the mandate, as interpreted in light of the opinion. The court cannot do anything which is contrary to either the letter or the spirit of the mandate construed in the light of the opinion of the court deciding the case."—*Sprague v. Nally*, 2005 VT 85, ¶ 6, 178 Vt. 22, 878 A.2d 334, ¶ 6, 178 Vt. 222, 228.

On October 27, 2025,[2] the Court issued an order noting that Sprague v. Nally, 2008 VT 85, 178 Vt. 222, does not include the language counsel purported to quote from it and explaining that his conduct therefore appeared to violate Rule 11(b)(2). Attorney LoCascio was directed to file a response showing cause as to why he had not violated Rule 11(b). See V.R.A.P. 25(d)(2) ("If after notice and a reasonable opportunity to respond, the Court determines that V.R.C.P. 11(b) has been violated, the Court may, subject to V.R.C.P. 11(c), impose an appropriate sanction on those violating the rule or responsible for the violation."); V.R.C.P. 11(c)(1)(B) ("On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.").

---

[1] Appellant was ordered to file an amended principal brief because his initial brief was not accompanied by a printed case and did not cite to the same as required under Vermont Rules of Appellate Procedure 28(e) and 30(a)(1).

[2] This case was ready in July 2025, but oral argument was not scheduled until November 2025 because Attorney LoCascio indicated his unavailability during the times for panel hearings in August, September, and October of that year.

Attorney LoCascio filed a timely response to the show-cause order. Therein, he acknowledged that the amended brief included language that—while presented as a direct quotation—did not appear in the opinion to which it was attributed. He explained that this language "originated from a secondary summary source and was mistakenly put into the brief as a quotation from that case." He also accepted responsibility for the error, withdrew the language at issue, and apologized to the Court.

At oral argument on November 5, 2025, the Court asked Attorney LoCascio to identify the secondary source he referenced in his response to the show-cause order. He explained that his client used an "AI helper" to prepare an initial draft of the brief, and that this technology was the source of the language at issue.[3] He conceded that he did not check to confirm its accuracy before filing his brief with this Court and reiterated his acceptance of responsibility for the error.

"By presenting a document to the Court—whether by signing, filing, submitting or later advocating it—an attorney or self-represented party is making the certification provided by V.R.C.P. 11(b) as to that paper." V.R.A.P. 25(d)(2). This includes a certification

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

V.R.C.P. 11(b)(2).

We conclude that Attorney LoCascio's conduct in including the quoted language and citation in his brief violated Rule 11(b)(2). As counsel conceded, the representation that Sprague contained the quoted language was neither "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." V.R.C.P. 11(b)(2). At a minimum, "an inquiry reasonable under the circumstances," V.R.C.P. 11(b), required that counsel read Sprague to confirm the accuracy of the quotation he attributed to it. See Reporter's Notes—1996 Amendment, V.R.C.P. 11 (explaining that Rule 11, consistent with F.R.C.P. 11, imposes "a nondelegable responsibility to the court" on person "signing, filing, submitting, or advocating a document"); see also, e.g., Park v. Kim, 91 F.4th 610, 615 (2d Cir. 2024) (per curiam) ("At the very least, the duties imposed by [F.R.C.P.] 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."). He failed to do so.

We therefore impose the following sanction pursuant to Vermont Rule of Appellate Procedure 25(d)(2) and Vermont Rule of Civil Procedure 11(c)(2). Attorney LoCascio is directed to file a copy of this entry order into all cases pending in Vermont Superior Court in which he has entered an appearance. Within fourteen days of the entry of this order, Attorney LoCascio shall file a certification in this docket attesting that he has satisfied this requirement.

---

[3] As one court recently explained, AI tools can "hallucinate"—in other words, "produce blatantly incorrect information that, on its face, appears truthful," such as "case citations that conform to the Bluebook, but ultimately are not real." Benjamin v. Costco Wholesale Corp., 779 F.Supp.3d 341, 342 (E.D.N.Y. 2025).

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice