## THE STATE v. GEORGE KUCHLER.

### Decided May 26, 1925.

Crimes—Murder—Indictment—Application For Bail—Deposition of Defendant Containing Facts Which Might be Evidential of Self Defense—Presumption That Charge of Murder is For Murder in Second Degree, Does Not Apply in Applications For Bail—Indictment Furnishes No Presumption of Guilt at Trial, in Intermediate Proceedings, It Furnishes Strongest Possible Presumption.

For the state, *John Milton,* Hudson county prosecutor.

For Kuchler, *Alexander Simpson.*

The opinion of the court was delivered by

MINTURN, J. This is a writ of *habeas corpus* upon an application for bail to an indictment for murder.

The defendant is in custody under the indictment; his counsel moves to have him released on bail upon the ground of lack of "proof evident or presumption great" of the commission of a capital offense. In support of the motion a deposition was submitted in which the defendant admitted the killing and his indictment thereof for murder, and in which he testified to facts which might be evidential upon his trial in support of defense of self-defense.

The presumption that a charge of murder is for murder in the second degree, not punishable capitally, does not apply in applications for bail. In such applications the test to be applied as to whether or not the offense is a capital one, is simply that the inquiry as to the offense charged being one for which capital punishment may be imposed.

An indictment furnishes no presumption of guilt against the accused upon his trial, but as to all intermediate proceedings it furnishes the very strongest possible presumption of guilt. In the absence of special or exceptional circumstances, evidence will not be considered to rebut this presumption of guilt, because the court cannot inquire into the

merits for the reason that the evidence upon which the indictment is found is not in writing and cannot be disclosed; the court will therefore presume that the facts upon which the grand jury based its conclusion were sufficient in law to support it. *State* v. *Goldstein,* 40 *N. J. L. J.* 71.

The defendant, not being entitled to bail as a matter of constitutional right, his application will be denied.