ESSEX COUNTY COURT OF OYER AND TERMINER.

STATE OF NEW JERSEY v. CHARLES CAPAWANNA AND JAMES LA MORGESE, DEFENDANTS.

Decided September 2, 1925.

Bail—Murder Cases—Courts Act With Decided Caution—Application is Addressed to Discretion of Court—Frankness on Part of Applicant Expected—Facts Presented Reviewed and Held Not to Carry Conviction of Either Frankness or of Truth on the Part of One Defendant While the Other Presents No Explanation—Application Denied.

For the state, *James V. D'Aloia.*

For the defendant Capawanna, *Carl Abruzzese.*

For the defendant La Morgese, *William A. Lord.*

The opinion of the court was delivered by

FLANNAGAN, J. This is an application for release on bail on the return of a writ of *habeas corpus.* The defendants are charged with murder and held without bail.

The state produces testimony tending to establish the following as facts:

On the morning of July 30th-31st, last, at about six-ten o'clock, the dead body of Mrs. Agnes Wickham, known as the "nurse," was found in West Orange on the side of St. Cloud avenue, about one-half a mile north of Northfield road. The police were notified, and Dr. Brien, the deputy county physician, was called and he examined the body at about seven-fifteen A. M. He found six fractures of the skull, both eyes black and blue, a cut on the back of the head one and a quarter inches long, the front of the neck on both sides full of bruises, a bruise on the left ear and one on the left arm, appearing to have been caused by a bite, scratches on the back of the right wrist and black and blue marks on the

inner side of each thigh midway between the lower and upper joint. Death was caused by the fracture of the skull through the left petrous bone, and followed almost immediately upon such fracture the deceased could have breathed a minute or two thereafter but no longer. The deceased had been dead four or five hours at the time the doctor saw the body, and the defendants have, in conversations, made admissions that they were with the deceased while in an automobile four or five hours before the hour when the doctor saw her dead body. The defendants were the last persons seen with the deceased.

The condition of the body indicates that an attack was made on deceased and that the motive for the attack was rape, and that she lost her life in the defense of her person.

The defendant Capawanna produces no witnesses, but the defendant La Morgese produces several. La Morgese pictures his connection with the affair as that of the "Good Samaritan," helping the deceased into Capawanna's automobile and riding with her a short distance thereafter on the running board of the machine, spraining his ankle in alighting therefrom. The cause of her death, as suggested by testimony in his behalf, is that she fell in a drunken condition and hit the back of her head on the sidewalk before being so assisted into Capawanna's machine. Such a fall, manifestly, does not account for the condition of her body when found, and it would not account for her death, because her death was almost instantaneous, while defendant's witnesses say she talked after the fall and "insisted" on being taken home instead of to the hospital.

Courts act with decided caution in admitting to bail persons held under process of law on charges of murder. *State v. Kuchler,* 129 *Atl. Rep.* 632 ; *State v. Goldstein,* 40 *N. J. L. J.* 71. On an application for bail the court does not sit to try the merits of the case or to enter into any nice inquiry as to the precise weight that ought to be allowed to the evidence for and against the prisoner. *State v. Rockafellow,* 6 *Id.* 332 (343). The application is addressed to the discretion of the court, and depends upon the circumstances of each

individual case. *State* v. *Mairs*, 1 *Id.* 335 (388); *State* v. *Rockafellow, supra.*

Where the discretion of a court is invoked, frankness on the part of the applicant is expected. The defendant Capawanna makes no attempt at frankness; he interposes no explanation whatever and rests upon the testimony of the state's witnesses. The affidavits presented in behalf of defendant La Morgese do not carry conviction to my mind of either frankness or truth.

The applications are therefore denied.