STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JOHN KEHR, DEFENDANT-RESPONDENT.

Argued September 12, 1960—Decided October 31, 1960.

*Mr. William A. O'Brien,* Assistant Prosecutor, argued the cause for plaintiff-appellant (*Mr. Lawrence A. Whipple,* Hudson County Prosecutor, attorney; *Mr. Ralph P. Messano,* First Assistant Prosecutor, of counsel).

*Mr. Michael H. Hochman* argued the cause for defendant-respondent (*Mr. Abraham Miller,* attorney).

The opinion of the court was delivered by

FRANCIS, J.  The defendant, who is under indictment for murder, applied to the County Court for admission to bail and the motion was granted.  We gave the State leave to appeal from the order.

The principles of law governing the issue involved appear in the opinion of this court in *State v. Konigsberg,* 33 *N. J.* 367.

At the hearing on the application neither party offered affidavits or the testimony of witnesses.  The Prosecutor made representations in open court as to what evidence is available and would be offered at the trial to show that the accused

is guilty of first degree murder. The trial court declined to accept the representations as competent to demonstrate that the proof was evident or the presumption great within the contemplation of *Article* 1, *par.* 11, of the 1947 *Constitution*. Therefore, since the indictment lacked support of the required probative force, he felt obliged under the cited clause to release Kehr in bail.

In *Konigsberg* we held that representations of the Prosecutor as to the evidence he has and will produce at the trial to establish that the accused is guilty of first degree murder are not sufficient to overcome the constitutional right to bail. Consequently, the trial court was correct in admitting Kehr to bail on the record before him.

In this case also, the observation must be made that if the representations of the Prosecutor had been submitted in the form of affidavits of the proper and competent witnesses, denial of the application for release on recognizance would have been justifiable.

For the reasons expressed in *Konigsberg* the same course would be pursued here, *i. e.,* an affirmance of the order granting bail and a remand to the County Court to give the Prosecutor an opportunity to supply the proof. We have been advised, however, that trial of the indictment has just been completed. The matter of bail having become moot, therefore, the appeal is dismissed.

*For dismissal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.