101 N.J. Super. 380 (1968)
244 A.2d 353
STATE OF NEW JERSEY, PLAINTIFF,
v.
HERBERT TUCKER, DEFENDANT.
Superior Court of New Jersey, Law Division  Criminal.
Argued June 7, 1968.
Decided June 11, 1968.
*382 Mr. Angelo Bianchi, Assistant County Prosecutor for the State of New Jersey (Mr. Joseph P. Lordi, County Prosecutor of Essex County, attorney).
Mr. George L. Schneider, Assistant Deputy Public Defender, for the defendant (Mr. Peter Murray, Public Defender, attorney).
CAMARATA, J.C.C.
The defendant is under indictment for murder and made application to be admitted to bail. The state sought to introduce a statement signed by the defendant dated March 15, 1968 so as to show that "the proof is evident or the presumption great" that the defendant will be convicted of first degree murder. See N.J. Const. (1947), Art. I, par. 11.
Defendant objected to the use of the statement and contended that on an application for bail the court may not consider the defendant's statement in a capital case without having a full hearing to determine whether the requirements and warnings of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were met.
The purpose of bail is to assure the presence of the accused at the trial and all prior stages in the proceedings. State v. Konigsberg, 333 N.J. 367 (1960).
There are two stages in every bail hearing in a capital cause: first, to determine the admissibility of the evidence presented; and second, to determine the sufficiency of the evidence, i.e. whether the proof is evident or the presumption great that the defendant is in danger of a jury verdict of first degree murder. In both stages the burden is on the state to overcome the constitutional right to bail. State v. Konigsberg, supra.
Only where the state carries its burden in both stages should the accused's application for bail be denied. State v. Konigsberg, supra, 374, 377  the state may do so on affidavits and depositions. State v. Konigsberg, supra, pp. 378-379. State v. Kehr, 33 N.J. 381 (1960).
*383 A full pretrial hearing as to the admissibility of a statement on a bail application is in contravention of State v. Yough, 49 N.J. 587, 590 (1967) and State v. Green, 49 N.J. 244 (1967). A bail application is a preliminary proceeding. In Yough, supra, the court referred to Miranda, supra and stated:
"Under our long-standing practice, the determination as to the admissibility of a confession is properly made at rather than prior to trial." (emphasis added) (at p. 590)
The full import of Miranda, supra, is not understood to apply to the admissibility of a defendant's statement at a hearing on application for bail.
At this stage of the proceedings the court does not sit to try the merits of the case or enter into any nice inquiry as to the precise weight that ought to be given the evidence, State v. Capawanna, 3 N.J. Misc. 876, 877 (O & T 1925), nor is there a need to go into detail when considering the evidence for purposes of a bail application. In State v. Konigsberg, supra, the court stated:
"It is essential that the proceeding be kept in proper perspective as a preliminary one; one which cannot and should not be allowed in any way to bear upon or influence the ultimate outcome of the plenary trial or the evaluation of the resulting verdict." (Emphasis added). (at p. 378)
Considering the preliminary nature of this application for bail, the liberal use of evidence in hearings in connection therewith and the policy against fragmenting the trial by a pretrial hearing on the admissibility of the statement, all the state need do is demonstrate by prima facie proof that the requirements of Miranda, supra, were met before the defendant signed the statement.
The state need not demonstrate or offer any proof as to the voluntariness of the statement. That must await the trial. State v. Green, supra.
*384 Detective Acocella a detective in the Homicide Squad of Essex County testified for the state. There was admitted into evidence a signed "preamble to signed statements (Miranda warning)." The court concludes that the state has demonstrated by prima facie evidence that it can prove at the trial that the safeguards and requirements of Miranda, supra were knowingly and intelligently waived by the defendant. The sworn statement of the defendant was then reviewed and considered by the court from which it appears that the proof is evident that defendant is in danger of a jury verdict of murder in the first degree.
Defendant's application for bail is denied.