# State of Vermont v. Arthur Passino

[577 A.2d 281]

No. 90-163

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed May 18, 1990

*James A. Hughes,* Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Dooley, J.** This is a bail appeal, brought to this Court pursuant to 13 V.S.A. § 7556(b), and referred to the full Court for decision because of the issues involved. As in all such cases, the question before us is whether the decision of the trial court is "supported by the proceedings below." *Id.* For reasons discussed in greater detail below, we find that the decision is not fully supported and remand for further proceedings.

Defendant, Arthur Passino, is charged with murder in the first degree in violation of 13 V.S.A. § 2301. The maximum punishment for murder in the first degree is imprisonment for life. 13 V.S.A. § 2303(a). Because the defendant is charged with an offense punishable by life imprisonment, the State sought that he be held without bail pursuant to 13 V.S.A. § 7553, which provides that a defendant is not "bailable as a matter of right" if charged with an offense punishable by life imprisonment and the evidence of guilt is great. This section implements Chapter II, § 40 of the Vermont Constitution. See *State v. Duff,* 151 Vt. 433, 436, 563 A.2d 258, 261 (1989).

The trial court, acting in response to the State's request, held a bail hearing over a three-day period and took extensive evidence to determine the case against defendant. On March 23, 1990, it issued findings of fact and conclusions of law, finding that "there is substantial, admissible evidence of the guilt of Arthur Passino" and that the evidence was sufficient to "fairly and reasonably convince a fact-finder beyond a reasonable doubt" that defendant is guilty of murder in the first degree. It ordered defendant held without bail.

Defendant does not dispute that the evidence was sufficient to support the court's conclusion and order under the standards announced in *State v. Duff.* Instead, defendant argues that the order cannot be sustained because: (1) the court failed to exercise its discretion to consider releasing defendant on bail de-

spite the court's findings and the nature of the charge; and (2) the court erred in relying on evidence obtained in violation of defendant's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We take these issues in order.

■ Defendant's first claim is that the court had discretion to release him on bail even though he was not bailable as of right, and there is no indication how the court exercised that discretion. It is clear that the court did have the discretion the defendant claims. In *In re Dexter*, 93 Vt. 304, 315, 107 A. 134, 138 (1919), this Court held that the trial court had the "sound, judicial discretion" to release a defendant on bail even though the defendant fell within the constitutional exception to the right to bail. The *Dexter* holding was recently reiterated in *State v. Duff*, 151 Vt. at 441, 563 A.2d at 263. Relying on the Rhode Island case of *Fountaine v. Mullen*, 117 R.I. 262, 271, 366 A.2d 1138, 1144 (1976), we likened the discretion to that involved when a convicted defendant seeks release pending appeal. We emphasized, however, that the trial court is "under no obligation" to allow bail in such a case. *Duff*, 151 Vt. at 441, 563 A.2d at 264. We remanded the case, in part, because we were unable to determine how the trial court exercised its discretion on the record before us. *Id.*

The *Duff* and *Dexter* rule appears to be the majority rule in the states with constitutional provisions similar to ours. See, e.g., *State v. Arthur*, 390 So. 2d 717, 718 (Fla. 1980) (collects and analyzes cases from other states).

■ In this case, there is no indication that the trial court exercised its discretion to consider bail despite its finding that the evidence against defendant was great. The opinion of the trial court discusses only the strength of the evidence and not any of the facts that might bear on whether bail was appropriate. Accordingly, on this issue, we remand to the trial court for a consideration of whether, in its discretion, the court should set conditions of release.[1]

---

[1] In reaching this conclusion, we assume that the trial court will continue to conclude that the evidence of guilt is great.

Existing precedent does not control defendant's second issue. In his bail review motion, defendant argued that the trial court committed error by relying on evidence that was subject to a motion to suppress. At oral argument, defendant tempered the claim somewhat and argued that it would have been sufficient if the court had made a preliminary ruling on the motion to suppress.

The trial court responded to defendant's argument by a different method. In its findings, the court noted that it had to take the evidence "in the light most favorable to the State." It concluded that this standard required it to use the challenged evidence. It went on to point out, however, that the evidence available to the State could "become lesser or greater depending on the results of pending and future motions to suppress . . . and the completion of . . . further investigation." Thus, it noted that in the future the available evidence might diminish to the point that the defendant could no longer be held without bail.

Although we have not had occasion to consider defendant's argument, our decision in *Duff* relied heavily on case law from Rhode Island, a state where defendant's argument has been squarely addressed. In *Massey v. Mullen*, 117 R.I. 272, 275–76, 366 A.2d 1144, 1145–46 (1976), the court held that a denial of bail could not be based on a confession taken in violation of the protections set out in *Miranda v. Arizona*. The decision is *not* based on a conclusion that an exclusionary rule should apply at bail hearings. It is based instead on the pragmatic view that the determination that the defendant can be held without bail must rest on a finding that the State has the evidence to convict. If the evidence held by the State is inadmissible, it cannot meet its burden. Under this "forward-looking test," illegally seized evidence cannot be considered. *Massey*, 117 R.I. at 280, 366 A.2d at 1149.

In *Duff*, we held that the standard to hold a defendant accused of a crime punishable by life imprisonment without bail is the same as the standard for determining a motion to dismiss for lack of a prima facie case. 151 Vt. at 440, 563 A.2d at 263. As we emphasized in *Duff*, that standard requires that "substantial, admissible evidence of guilt" exist and the evidence be suf-

ficient to "fairly and reasonably" convince a fact-finder beyond a reasonable doubt that defendant is guilty. *Id.* The standard cannot be met by inadmissible evidence.

*Massey v. Mullen,* however, was in a very different procedural posture from this case. In *Massey,* defendant sought habeas corpus in the Rhode Island Supreme Court, alleging that the determination to hold him without bail was based primarily on a confession obtained in violation of *Miranda v. Arizona.* Rather than ruling initially on whether the trial court had to consider the claim, the Supreme Court remanded for a determination of whether the State had obtained the confession illegally. The trial court ruled that the confession had been obtained illegally, and the matter again went to the Supreme Court. Only with this definitive ruling of illegality in hand did the Supreme Court rule that the denial of bail violated the Rhode Island Constitution. The court gave no guidance to the trial court on how it should have handled the evidence question initially. It concluded that since the State offered virtually no evidence other than the confession, it was error to deny bail on this evidence alone.

A more relevant precedent, in a procedural posture similar to this case, is *State v. Tucker,* 101 N.J. Super. 380, 244 A.2d 353 (1968), where the defendant claimed that it was error for the trial court to consider his statement without determining whether the requirements of *Miranda v. Arizona* were met. The appellate court noted that under New Jersey law the admissibility of a confession is determined at trial rather than prior to trial. It held:

> Considering the preliminary nature of this application for bail, the liberal use of evidence in hearings in connection therewith and the policy against fragmenting the trial by a pretrial hearing on the admissibility of the statement, all the state need do is demonstrate by *prima facie* proof that the requirements of *Miranda* . . . were met before the defendant signed the statement.

*Id.* at 383, 244 A.2d at 355. It accepted a signed statement of receipt of Miranda warnings as prima facie proof of compliance with the requirements of the decision.

As is often the case in the law, we are balancing conflicting considerations. The right to bail in appropriate cases is specifically provided for in our Constitution; it is a "concomitant of the presumption of innocence." *State v. Konigsberg,* 33 N.J. 367, 373, 164 A.2d 740, 743 (1960). On the other hand, Chapter II, § 40 of the Constitution was recently amended to provide specifically for the denial of bail for offenses punishable by life imprisonment where the evidence of guilt is great. This exception to the right to bail responds to concerns about the risk of flight and the dangerousness of persons charged with very serious offenses. See Note, *Restricting the Right to Bail: Vermont's New Constitutional Bail Amendment,* 8 Vt. L. Rev. 347, 347 (1983). Finally, we have a practical concern that the bail decision be made expeditiously with a minimum of duplicate adjudication.

██ We believe that the New Jersey rule balances well the competing considerations. Thus, we conclude that in the face of a challenge to all or part of the evidence relied upon by the State, if the challenge is based on the application of an exclusionary rule because the use of the evidence would violate the constitutional rights of the defendant, the court should engage in a two-step process. The first step is to determine whether the State has sufficient evidence to deny bail without considering the evidence challenged by the defendant. If such evidence is found, the court need not consider further the challenge to the evidence in making its bail decision. See *Steigler v. Superior Court,* 252 A.2d 300, 305 (Del. 1969) (bail may be denied where there is "sufficient admissible evidence," without considering the challenged evidence, to support the denial of bail). If the State cannot show, without considering the challenged evidence, that substantial admissible evidence of guilt exists, sufficient to fairly and reasonably convince a fact-finder that defendant is guilty, *State v. Duff,* 151 Vt. at 440, 563 A.2d at 263, the court must go forward to the second step of the analysis. At this step, it must determine whether the State can make out a prima facie case of compliance with applicable constitutional re-

quirements.[2] This determination does not require the court to resolve conflicts that may arise in the evidence.

■ We recognize that the rule we have adopted can place a substantial burden on the trial court at a very early point in the criminal proceeding. For example, the bail proceeding in this case involved three days of hearing. Our rules require, however, that bail be determined at the first appearance before a judicial officer. See V.R.Cr.P. 5(g); 13 V.S.A. § 7554(a). It will rarely be possible to hold a full hearing on whether evidence of guilt is great at the first appearance. Questions on admissibility of evidence will not yet have surfaced.[3] To facilitate a fair and full determination of the bail question, the bail proceeding must itself have a "probable cause" stage. Based on the initial determination that there is probable cause to believe that the offense was committed and that defendant committed it, see V.R.Cr.P. 4(b), the court can hold a defendant charged with an offense punishable by life imprisonment without bail for such time as is necessary to enable the parties to prepare for a full bail hearing and to make appropriate motions.[4] We emphasize that the bail hearing must be scheduled as soon as reasonably possible to protect defendant's right to bail. The scheduling in this case—twelve days elapsed between the arraignment and the commencement of the bail hearing—met this mandate.

---

[2] We emphasize that the bail decision has no preclusive effect on the ultimate determination of the admissibility of the evidence. The doctrines of res judicata and collateral estoppel do not prevent reconsideration of a pretrial ruling. See McRae v. United States, 420 F.2d 1283, 1286 (D.C. Cir. 1969). Even if these doctrines did apply, there is no identity of issues since the bail question is not whether the evidence must be suppressed. We also emphasize that the fact that the issue of evidence admissibility arises at the bail hearing does not eliminate the obligation of the defense to make a timely motion to suppress under V.R.Cr.P. 12(b)(3).

[3] The motion to suppress in this case was made on the second day of the bail hearing, almost two weeks after defendant initially appeared to answer the information.

[4] It may be necessary for the trial court to make a scheduling order at arraignment that requires the defendant to raise suppression issues well before the bail hearing to give the State an opportunity to respond. Normally we would consider a motion to suppress made in the middle of the bail hearing as untimely.

■ We cannot determine on this record the impact of the motion to suppress. While it is described as a challenge to various statements defendant made to the police and to physical evidence which the police seized, defendant has failed to provide us with a copy of the motion. Thus, we cannot determine whether there is sufficient evidence, apart from that challenged by defendant, to meet the State's burden. Assuming that the State's showing is not otherwise sufficient, the trial court has not evaluated the motion to suppress to determine whether the State can make a prima facie showing of admissibility. Thus, this matter must be remanded for further analysis under the standards announced in this opinion.

We conclude that the trial court's order holding defendant without bail is not fully supported by the proceedings below. In accordance with § 7556(b), we "remand the case for a further hearing." Defendant shall remain incarcerated until the court completes the additional proceedings required by this opinion and thereafter if ordered by the trial court.

*Remanded.*