## STATE of Vermont v. Charles BICKEL

[698 A.2d 243]

No. 97-214

Present: Dooley, J.

June 17, 1997. Defendant was arraigned on June 12, 1997 on charges of aggravated assault, burglary, unlawful mischief, disorderly conduct, domestic assault, DUI, stalking and disturbing the peace by telephone. After reviewing affidavits in support of probable cause, the trial court ordered that defendant be held without bail pursuant to 13 V.S.A. § 7553a. The trial court scheduled an evidentiary hearing for June 19, 1997. At arraignment, defendant did not object to the week-long delay in scheduling. On appeal, defendant nonetheless claims that the trial court must hold an evidentiary hearing before it may detain him without bail under § 7553a or, in the alternative, that it must hold the evidentiary hearing more quickly than a week after the arraignment.

13 V.S.A. § 7553a permits the denial of bail when the evidence of guilt is great and "the person's release poses a substantial threat of physical violence." 13 V.S.A. § 7553 permits the trial court to hold the defendant without bail when the defendant is charged with an offense punishable by life imprisonment. This Court has held that a defendant may be held temporarily without bail under § 7553 if, at arraignment, the court finds probable cause to believe a qualifying offense was committed and defendant committed it. *State v. Passino*, 154 Vt. 377, 383, 577 A.2d 281, 285 (1990). When a defendant is

held temporarily without bail under 13 V.S.A. § 7553, the "the bail hearing must be scheduled as soon as reasonably possible to protect defendant's right to bail." *Id.* Section 7553a is similar to § 7553 in that both provisions permit detention only if the evidence of guilt is great, and neither section guarantees an evidentiary hearing prior to the order of detention. Given these similarities, *Passino* applies to § 7553a bail hearings absent specific legislative direction to the contrary. Thus, we reject the claim that the court had to hold an evidentiary hearing before ruling that defendant be held without bail under § 7553a.

Defendant did not object to the week-long delay at arraignment, or suggest any alternative dates. As a result, there is no evidence indicating that the delay is unreasonable. I am, therefore, unable to review the claim that the evidentiary hearing must be held earlier.

*Affirmed.*

## ON MOTION FOR REARGUMENT

June 26, 1997. Defendant's motion for reargument of his bail appeal before the full Court has again been referred to the undersigned Justice. There is no authorization for reargument before the full Court in matters governed by the recent constitutional amendment; the procedure for disagreement with the single justice is review by a panel of three justices pursuant to 13 V.S.A. § 7556(e). The provision for referral to the full Court, 13 V.S.A. § 7556(b), does not apply when bail is denied pursuant to the constitutional amendment. In any event, I decline to refer the matter to the full Court.

The question of whether the trial court delayed the evidentiary hearing too long is now moot because a hearing has been held on this date. The question of whether *State v. Passino*, 154 Vt. 377, 383, 577 A.2d 281, 285 (1990), applies to cases under the recent constitutional amendment is also moot, but I agree that it should be reviewed under the exception for issues capable of repetition yet evading review. I decline, however, to change my opinion on that issue. The motion to reargue is denied.