[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present issue before the court is the State's motion to dismiss the defendant's cross-complaint. The motion has inaugurated a flurry of motions and cross-motions by the parties.[1] For the reasons hereinafter stated the motion to dismiss the crosscomplaint is denied.
The action commenced with a paternity petition brought by the State of Connecticut pursuant to General Statutes § 46b-162. It is alleged that the defendant is the father of a minor child, Selina DeCamillis, born to the named plaintiff mother on July 5, 1998. The defendant, who was incarcerated at the time, requested court counsel, which request was CT Page 12891 granted. He also moved for DNA tests, which motion was also granted. The case was continued for trial to a date after the DNA testing was completed.
Subsequently, the parties appeared for trial. The DNA report indicated a combined paternity index of 1,946 to 1 or 99.95% probability that the defendant is Selina's father. After a full hearing the court entered judgment that the defendant is the child's father. By this time the defendant was no longer in the corrections system and the court continued the matter with a seek work order against the defendant. On April 3, 2001, the defendant filed a crosscomplaint alleging that the plaintiff does not have custody of the minor child and that she refuses to support the child. The defendant requests that the Court "establish financial and medical support obligations, and to make a finding of past due support against the plaintiff mother."
The State's motion challenges the standing of the defendant to file the cross-complaint. Yet the State concedes that the subject matter of cross-complaint arises out of the same transaction as the original petition at a time subsequent to the original pleadings. The State not only does not contest that the relief sought may be apposite, but that it may itself file an "appropriate action" at some time in the future. The essence of the State's dispute seems to be that it is the defendant, and not the State, that seeks a support order against the plaintiff. The State claims that the defendant can not demand a support order against the plaintiff because "there is no right that the defendant can claim that has been invaded."
In order to have standing, "the complaining party must be a proper party to request adjudication of the issues." In re Jonathan M.,255 Conn. 208, 219, 764. A.2d 739. (2001); Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 553, 698 A.2d 243 (1997);Steeneck v. University of Bridgeport, 235 Conn. 572, 579, 668 A.2d 688
(1995). The defendant is now the legally established father of the child. It has long been established that a father. has standing to request adjudication of visitation or custody. Doe v. Doe, 163 Conn. 340,345, 307 A.2d 166 (1972); Stanley v. Illinois, 405 U.S. 645,92 S.Ct. 1208,31 L.Ed.2d 551 (1972). It is clear that the same holds true of support. There is no requirement in statute nor has the court found any cases that require that a parent must prove that he or she has custody of a child in order to request that support be paid by the other parent on behalf of this child.[2] Even if there were such a requirement, neither side has pleaded, much less proved, the present status of custody of the child.[3]
Moreover, this court has the statutory authority "to make and enforce CT Page 12892 orders for support against any person who neglects or refuses to furnish necessary support to . . . a child under the age of eighteen. . . ." General Statutes § 46b-215 (a)(1). The statute does not preclude any party from requesting the support order. In fact, the court could sua sponte order support under this section provided that proper notice is provided the subject person or persons.
It is now common that courts order ancillary support on such issues as medical insurance, contribution to unreimbursed medical costs and daycare against both parents without regard two which party makes the request. Our child support guidelines require this. Regs., Conn. State Agencies §§ 46b-215a-2a(g)(1), (g)(3), (h). It is implicit in the computation of current support orders that each parent's share must be computed, regardless of who requests the support order. Clearly, if either parent's support obligation is not met by providing direct support to a child in that parent's custody or by satisfactory and appropriate voluntary payments, it is not only the court's fight, but its duty, to set a support order.
Finally, it may have escaped the State, but not this court, the importance of maintaining an appearance of propriety, impartiality and fairness. While there may be extraordinary circumstances that would impel a court to address support obligations of two noncustodial parents at different times, such circumstances are not apparent here. Moreover, the court devines no good reason to defer addressing the mother's support obligation until the State is good and ready to file the motion.
For the foregoing reasons the State's motion to dismiss the counterclaim is denied. The parties are to proceed to an evidential hearing to determine all support obligations.
Harris T. Family Support Magistrate