NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2020 VT 101

No. 2020-275

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Criminal Division |
| | |
| David Downing | October Term, 2020 |

David R. Fenster, J.

Rosemary Kennedy, Rutland County State's Attorney, and L. Raymond Sun, Deputy
  State's Attorney, Rutland, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Rebecca Turner, Joshua O'Hara, and
  Mary Kay Lanthier Appellate Defenders, and Lena Capps, Law Clerk (On the Brief),
  Montpelier, for Defendant-Appellant.


PRESENT:  Reiber, C.J., Eaton, Carroll and Cohen, JJ.


¶ 1.    **REIBER, C.J.**    Defendant David Downing was held without bail prior to trial under 13 V.S.A. § 7553a, which provides him with a right to bail if a trial is not held within sixty days and the delay is not attributable to the defense under Chapter II, § 40 of the Vermont Constitution and 13 V.S.A. § 7553b.  He appeals, arguing that § 40 gives him a right to bail immediately if there is no possibility that he can receive a trial within sixty days and that the sixty-day period in § 40 begins from the time when he was first held without bail.  We hold that defendant can be held for sixty days even if there is no possibility he can be tried in that time and that the sixty-day period began when defendant was first held without bail, and remand.

¶ 2.     Defendant is charged with two counts of burglary into an occupied dwelling under 13 V.S.A. § 1201(c)(3)(A), simple assault under 13 V.S.A. § 1023(a)(1), unlawful mischief under 13 V.S.A. § 3701(c), violation of an abuse-prevention order under 13 V.S.A. § 1030(a), and aggravated assault under 13 V.S.A. § 1024(a)(1). At his arraignment on September 2, 2020, the court granted the State's motion under 13 V.S.A. §7553a to hold defendant without bail pending a weight-of-the-evidence hearing. Defendant requested that the court hold the hearing promptly. The hearing was scheduled for October 1, 2020.

¶ 3.     At the weight-of-the-evidence hearing, the court found that the evidence of guilt was great. The court also found that the State proved, by clear and convincing evidence, that defendant posed a substantial risk of physical violence to the victim and that no condition or combination of conditions could reasonably prevent this violence. The court rejected defendant's argument that it had no authority to hold defendant without bail under § 7553a because there was no possibility that a trial would be held within sixty days, as required by Chapter II, § 40 of the Vermont Constitution and 13 V.S.A. § 7553b.[1] The court also concluded that the sixty-day period began on the date that it issued its decision on the weight of the evidence, rather than the date when bail was initially denied. Accordingly, the court ordered defendant held without bail. At the conclusion of the hearing, the court confirmed that no jury selection dates had been scheduled and no juror summons had been distributed for Rutland County.[2]

---

[1] For purposes of this appeal, the language of § 40 and § 7553a are substantially the same. Therefore, § 7553a will be used to refer generally to both the statute and § 40 of the Vermont Constitution.

[2] Under Administrative Order 49, the Vermont Supreme Court formally suspended criminal jury trials from March 16 to September 1, 2020. In its October 5, 2020 amendment to Administrative Order 49, the Court explained that, although criminal jury trials were no longer suspended, the COVID-19 pandemic continued to create challenges to holding jury trials. As such, the Judiciary would be taking steps to increase the safety of jury trials before holding trials. See October 5, 2020 Explanatory Note, A.O. 49.

¶ 4.     Defendant appealed to this Court, and a de novo hearing was held on October 15, 2020 by Justice Robinson under § 7556(d) and Vermont Rule of Appellate Procedure 9(b)(1)(A). In that appeal, defendant argued that the weight of the evidence was not great as to the aggravated-assault charge; that he could not be held without bail under § 7553a because there was no possibility that his trial would begin within sixty days of being held; and that the sixty-day period began when he was initially held without bail at arraignment, and not after the weight-of-the-evidence hearing.

¶ 5.     The Court first found that the weight of the evidence supporting the aggravated assault charge was great.[3]  State v. Downing, 2020 VT 97, ¶ 14, __ Vt. __, __ A.3d __ (mem.). The Court next considered defendant's argument that because a jury trial was not likely to begin within sixty days, defendant could not be held without bail during that period.[4]  The Court concluded that § 7553a permits defendant to be held without bail for up to sixty days, notwithstanding the court's inability to bring defendant to trial within that time.  Id. ¶ 15.  It determined that both the operative language and structure of the constitutional and statutory provisions supported the interpretation that if a trial does not begin within sixty days, the remedy is that the trial court must hold a bail hearing.  Id. ¶ 26.  Thus, the Court held that the sixty-day rule limits the length of the pretrial detention but is not a condition precedent to issuing a hold-without-bail order.  Id. ¶ 24.

¶ 6.     The Court next considered defendant's argument that the sixty-day period began when defendant was first held without bail—in this case, at defendant's arraignment on September 2, 2020.  The Court determined that it was bound by controlling precedent to conclude that the

---

[3]  Defendant does not challenge this finding in this appeal.

[4]  The order took "judicial notice of the fact that there is no plan to commence jury trials in Rutland County" within sixty days after the trial court issued the hold-without-bail order following its evidentiary hearing.  Downing, 2020 VT 97, ¶ 16.

3

period began when the trial court issued its decision following the weight-of-the-evidence hearing, as held in State v. Lontine, 2016 VT 26, ¶ 9, 201 Vt. 637, 142 A.3d 1058 (mem.). Id. ¶ 29. This appeal followed.[5]

¶ 7. On appeal, defendant argues that detention under § 7553a is dependent on the trial court having the ability to bring defendant to trial within sixty days before ordering pretrial detention. Otherwise, holding defendant without bail violates due process and constitutes "punitive and arbitrary imprisonment." Defendant also argues that the plain language of §§ 40 and 7553b command that the sixty-day period begins at the earliest point that a defendant is ordered to be held without bail.

¶ 8. The meaning of the Vermont Constitution and corresponding statutes raise questions of law that we consider de novo. State v. Lohr, 2020 VT 41, ¶ 4, __ Vt. __, 236 A.3d 1277. Because the constitutional provision at issue in this case and its statutory counterparts are essentially identical, "we look primarily to the intent of the voters in adopting the amendment, but we also consider the intent of the Legislature in adopting the statutory counterpart[s]." Id. ¶ 5 (quotation omitted). "When construing parallel constitutional and statutory provisions, we begin with the familiar plain-language analysis." Id.

¶ 9. The Vermont Constitution provides that:

> A person accused of a felony, an element of which involves an act of violence against another person, may be held without bail when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence.

Vt. Const. ch. II, § 40; see also 13 V.S.A. § 7553a (mirroring this language). The Constitution further provides that:

---

[5] The parties stipulated to full-Court review of Justice Robinson's decision. Justice Robinson did not participate in this appeal.

4

> Except in the case of an offense punishable by death or life imprisonment, if a person is held without bail prior to trial, the trial of the person shall be commenced not more than 60 days after bail is denied. If the trial is not commenced within 60 days and the delay is not attributable to the defense, the court shall immediately schedule a bail hearing and shall set bail for the person.

Vt. Const. ch. II, § 40; see also 13 V.S.A. § 7553b (mirroring this language).

¶ 10. The constitutional and legislative amendments were adopted in concert. The Vermont electorate adopted § 40 by constitutional amendment in 1994, at which point the statutory counterparts also became effective. See 1993, No. 143 (Adj. Sess.), §§ 2-3, 6. Before the voters and the Legislature adopted these amendments, a person could be held without bail only when the offense was punishable by life imprisonment and the evidence of guilt was great. See id. § 1. This is because "[o]ur constitutional values require that liberty is and must remain the norm and detention prior to trial or without trial is the carefully limited exception." State v. Suave, 159 Vt. 566, 573, 621 A.2d 1296, 1300-01 (1993) (quotation omitted).

¶ 11. This amendment created another limited exception. We have explained that the amendment was adopted by Vermont voters and the Vermont Legislature "to permit pretrial detention, in appropriate circumstances, of those accused of violent crimes so as to prevent further harm to the victims of the crimes and to others." State v. Madison, 163 Vt. 360, 363, 658 A.2d 536, 539 (1995) (per curiam). At the same time, Vermont voters adopted the sixty-day rule to "prevent undue and oppressive incarceration prior to trial," among other purposes. Lohr, 2020 VT 41, ¶ 17. Thus, the sixty-day rule embodies "the balance the voters and the Legislature struck between security and liberty." Id. ¶ 14.

I. Ability to Hold Trial Within Sixty Days

¶ 12. We begin with defendant's argument that if his trial cannot begin within sixty days, he cannot be held without bail under § 7553a. We agree with the analysis and the conclusion of the single-Justice order in Downing, 2020 VT 97, ¶¶ 15-28.

5

¶ 13.   Defendant argues that the Court's interpretation violates due process by isolating the operative language from the requirement to hold prompt trials. Defendant points to State v. Madison, where we said that the amendment to § 40 protects due process rights by creating a "requirement that persons held without bail on charges for crimes not punishable by life imprisonment must be tried within sixty days after bail is denied." 163 Vt. at 375, 658 A.2d at 546. Defendant reasons that if the court cannot commence trial within the sixty-day period, then the Constitution prohibits defendant from being held without bail.

¶ 14.   We disagree. Section 7553a entitles a defendant held without bail on charges for a violent felony to a trial within sixty days, as Madison recognized. Id. The ability of the court to commence trial within sixty days, however, is not a condition precedent to ordering pretrial detention. Instead, the sixty-day rule serves as a limitation on the length of time that defendant can be detained before trial. The text, structure, and purpose of the constitutional provision and corresponding statutes compel this result.

¶ 15.   To hold a defendant without bail, the operative language directs that the trial court must find that the evidence of guilt is great, and, by clear and convincing evidence, that the defendant's release poses a substantial threat of violence to another person and that there are no conditions that can reasonably prevent this violence. 13 V.S.A. § 7553a. Neither § 40 nor § 7553b requires the court to find that it can likely hold a trial within 60 days before ordering pretrial detention. Instead, the provisions command that the trial must begin within sixty days after bail is denied, unless the delay is attributable to the defendant. If trial does not begin within that time and the defense did not cause the delay, then the court must schedule a bail hearing. Lohr, 2020 VT 41, ¶ 16. The plain language thus provides that the consequence of not holding a timely trial is that defendant becomes bailable, and that consequence takes effect only after sixty days have elapsed.

¶ 16.   The structure of the constitutional and statutory provisions reinforces this conclusion.  In § 40, the sixty-day rule and the consequence for its violation are found in the third paragraph after the operative language directing the trial court's initial analysis.  Likewise, the sixty-day rule and the consequence for its violation are codified at 13 V.S.A. § 7553b, a different section than the operative language in § 7553a.  In both instances, the structure of the constitutional provision and the corresponding statutes indicate that the sixty-day rule limits the length of pretrial detention, and does not support the conclusion that a court must schedule a bail hearing as soon as it becomes sufficiently clear that trial will not commence within sixty days.

¶ 17.   This conclusion accords with the purpose of the amendment and its statutory counterparts.  In the case of certain violent felonies, Vermont voters and the Legislature intended to "permit pretrial detention, in appropriate circumstances, of those accused of violent crimes so as to prevent further harm to the victims of the crimes and to others."  Madison, 163 Vt. at 363, 658 A.2d at 539.  This detention is neither arbitrary nor punitive, as the conditions set forth in § 7553a ultimately require the State to prove by clear and convincing evidence that "there is a manifest need for incarceration," in order to protect the public.  Lohr, 2020 VT 41, ¶ 14.  Further, this detention does not violate defendant's due process rights.  In exchange for this incarceration, the voters provided a right to a trial within sixty days.  If trial does not occur within sixty days, the court must hold a bail hearing under § 7554, regardless of the risk to the public.  The interplay between these provisions balances public safety against defendant's right to liberty.  See Lohr, 2020 VT 41, ¶ 14.

## II.  Tolling of the Sixty-Day Period

¶ 18.   We next address defendant's argument regarding when the sixty-day period begins to run.  The relevant text provides that "if a person is held without bail prior to trial, the trial of the person shall be commenced not more than 60 days after bail is denied."  Vt. Const. ch. II, § 40; 13

V.S.A. § 7553b(a). We conclude that this sixty-day period starts when defendant is first held without bail, regardless of whether the trial court has made all of the findings in § 7553a.

¶ 19. To fully understand the issue presented here, it is important to understand how the hold-without-bail process typically unfolds. After a defendant is charged, the State may move to hold the defendant without bail under § 7553a, either immediately at arraignment or at a later date. Section 7553a requires the court to find that the evidence of guilt is great and, by clear and convincing evidence, that "the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence." 13 V.S.A. § 7553a. As a practical matter, when the State first moves to hold a defendant without bail under § 7553a, there is typically a limited record from which the trial court may make the requisite findings regarding the weight of the evidence, the risk defendant poses, and the probability that conditions will prevent violence. Therefore, the trial court often will postpone making a determination of the § 7553a factors and instead hold the defendant pending a hearing, which is often referred to as a weight-of-the-evidence hearing. This process also arises when the State seeks to hold a defendant without bail under 13 V.S.A. § 7553, which allows a person to be held without bail when the offense is punishable by life imprisonment and "the evidence of guilt is great."

¶ 20. This Court has held that trial courts have discretion to order defendants to be held temporarily without bail pending a hearing if probable cause exists. In State v. Passino, this Court held that if a court finds probable cause that a defendant committed the charged offense, "the court can hold [the] defendant charged with an offense punishable by life imprisonment without bail for such time as is necessary to enable the parties to prepare for a full bail hearing and to make appropriate motions." 154 Vt. 377, 383, 577 A.2d 281, 285 (1990). In State v. Bickel, a single-Justice order, the Court extended Passino's holding to § 7553a and determined that a court can hold a defendant without bail pending a weight-of-the-evidence hearing. 166 Vt. 633, 634, 698

8

A.2d 243, 243-244 (1997) (mem.); see also State v. Morey, No. 2007-421, 2007 WL 5313609, *2 (Vt. Nov. 1, 2007) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/ documents/eo07-421.bail.pdf [https://perma.cc/H6DW-2DNY] (confirming Bickel's holding).

¶ 21. The question at issue here is whether a defendant's right to trial or a bail hearing in sixty days is measured from the date the court initially holds the defendant pending a hearing, if one is deemed necessary, or from the date the court makes the findings required by § 7553a following a weight-of-the-evidence hearing. Both the trial court and Justice Robinson concluded, under Lontine, that the sixty-day period begins when the trial court makes all of the requisite findings required by § 7553a, which usually happens after the weight-of-the-evidence hearing. 2016 VT 26, ¶ 9.[6] In Lontine, a single specially assigned Justice concluded that "[t]he statutory structure is sufficiently clear that the operative decision that triggers the sixty-day rule is the decision following the evidentiary hearing required under § 7553a." Id.

¶ 22. We hold today that Lontine was decided incorrectly and overrule that decision. The language, history, and purpose of §§ 40 and 7553b compel a conclusion that a defendant is entitled to trial or a bail hearing within sixty days "after bail is denied," meaning when defendant is first held without bail, regardless of whether the trial court has made all of the requisite findings required under § 7553a.

¶ 23. This conclusion flows foremost from the language of the Constitution and the statute, which provide: "Except in the case of an offense punishable by death or life imprisonment, if a person is held without bail prior to trial, the trial of the person shall be commenced not more than 60 days after bail is denied." Vt. Const. ch. II, § 40; 13 V.S.A. § 7553b(a) (emphasis added). "Whether we consider the intent of the constitutional amendment or the statute, we first look to

---

[6] Justice Robinson's order addresses the issue of the precedential effect of published single-Justice decisions. Downing, 2020 VT 41, ¶ 36. This issue is not before this Court today, and we decline to address it.

the plain meaning of the language in question." Madison, 163 Vt. at 368, 658 A.2d at 541-42. To determine the meaning of words used in the constitutional amendment, we give any word or phrase "the common meaning of the language used." Id. at 368, 658 A.2d at 542.

¶ 24. Here, the meaning of "after bail is denied" would commonly be understood to mean the moment when a defendant does not have the capability of being released on bail. From a defendant's perspective, the preliminary confinement after arraignment is identical to the confinement ordered after a weight-of-the-evidence hearing: in both instances, a defendant is equally held without bail. Thus, common understanding would not interpret this phrase as the time when the court has fully considered the factors listed in § 7553a and made the requisite findings. The structure of the amendment supports this interpretation. Section 7553b became effective along with § 7553a upon the adoption of the constitutional amendment to § 40. See 1993, No. 143 (Adj. Sess.), §§ 2-3, 6. The Constitution and the statute could have stated that the sixty days run from the date the court makes the requisite findings set forth in § 7553a, but they do not. Instead, the language simply references the denial of bail.

¶ 25. The State counters that this construction conflicts with other language in the Constitution. The phrase "after bail is denied" appears twice in § 40: in the sixty-day provision, and in another provision that entitles all persons held without bail before trial to review before a three-Justice panel of this Court "within seven days after bail is denied."[7] Vt. Const. ch. II, § 40. The State argues that if the phrase "after bail is denied" is construed consistently throughout the Constitution, this provision could be read to entitle defendants held without bail under § 7553a

---

[7] This latter provision, codified in 13 V.S.A. § 7556(e), provides the only opportunity for appellate review for defendants who are charged with offenses punishable by life imprisonment under § 7553. Defendants held under § 7553a, on the other hand, have a right to appeal to a single Justice of the Supreme Court for review de novo under § 7556(d). After, they can appeal that single-Justice decision to a three-Justice panel of this Court under § 7556(e). See V.R.A.P. 9.

and § 7553 to appellate review seven days after arraignment and before an evidentiary hearing is held, leaving the panel with no decision to review.

¶ 26. Even if we were to find an ambiguity for the reasons suggested by the State, the purpose and history of the amendment support the construction derived from the plain meaning. If the language of a statute or the Constitution are not clear on their face, we look to the history and purpose of the amendment and statute to discern the intent of the voters and Legislature.[8] See State v. Pellerin, 2010 VT 26, ¶¶ 9-10, 187 Vt. 482, 996 A.2d 204 (considering history and context of amendment's adoption, as well as policy). The context of the adoption of the constitutional amendment indicate that it was intended to be narrowly construed. Before voters adopted the amendment, the state's legal scheme governing bail forbade preventative detention except in cases of offenses punishable by life imprisonment. See 1993, No. 143 (Adj. Sess.), § 1; see also State v. Pray, 133 Vt. 537, 540-41, 346 A.2d 227, 229 (1975). Under the law in effect at that time, this Court recognized that pretrial detention generally "undermines the presumption of innocence by depriving a defendant of a fundamental value, the right to liberty, without an adjudication of guilt." Suave, 159 Vt. at 573, 621 A.2d at 1300 (1993) (quotation and alteration omitted). Thus, we explained that any pretrial detention should be construed as a "carefully limited exception." Id. at 573, 621 A.2d at 1301.

¶ 27. As we have emphasized, the sixty-day rule is a constitutional guarantee to a speedy trial, or in the alternative, to become bailable under § 7554. Lohr, 2020 VT 41, ¶ 17. If the rule

---

[8] This Court may also consider how other states have applied similar state constitutional provisions. State v. Jewett, 146 Vt. 221, 227, 500 A.2d 233, 237 (1985). To the extent that other states have constitutional provisions similar to § 40, they also support the notion that the operative time begins when the defendant is first ordered to be held without bail. For example, Article 1, § 15 of the Michigan Constitution provides that if a person is held without bail, trial must commence within ninety days "after the date on which admission to bail is denied" or the court must hold a bail hearing. In a case addressing this provision, the Michigan Court of Appeals measured the ninety-day window from the time the defendant was arraigned and ordered held without bond. People v. Parker, 584 N.W.2d 753, 758 n.6 (Mich. Ct. App. 1998).

were interpreted to take effect only after a trial court makes the requisite § 7553a findings, defendants held without bail preliminarily could be incarcerated for much longer than sixty days. In this case, defendant was detained without bail for twenty-nine days before the trial court held a weight-of-the-evidence hearing, after which the court made the requisite findings and continued its hold-without-bail order. If that later decision triggered the start of the sixty days, then defendant could ultimately be incarcerated for eighty-nine days before bail could be set, assuming that trial will not timely commence. This inconsistency does not accord with the purpose of the Constitution and the corresponding statutes, which is to give a narrow basis for holding a defendant without bail.

¶ 28.    While weight-of-the-evidence hearings have become a common practice, they do not alter a defendant's rights under § 40. We neither seek to disturb the common practice of holding hearings to establish the evidence needed to make the findings under § 7553a, nor do we prohibit trial courts from exercising discretion to order defendants held without bail before holding an evidentiary hearing if one is necessary. However, if a trial court chooses to exercise this discretion and orders preliminary pretrial detention, then "bail is denied" within the meaning of §§ 40 and 7553b. Consequently, the sixty-day clock begins to run at that time.

Reversed and remanded for further proceedings consistent with this opinion; mandate to issue forthwith.

FOR THE COURT:

_____
Chief Justice

12