NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 55

No. 25-AP-269

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, Criminal Division |
| | |
| Nicolae Beldiman | August Term, 2025 |

Rory T. Thibault, J., Specially Assigned

Michelle Donnelly, State's Attorney, and Harriet King, Deputy State's Attorney, Washington County State's Attorney's Office, Barre, for Plaintiff-Appellant.

Avi J. Springer of Rubin, Springer, Vincent & Pappone, Barre, for Defendant-Appellee.

PRESENT: Reiber, C.J., Eaton and Cohen, JJ., and Corsones and Valente, Supr. JJ., Specially Assigned

¶ 1. **EATON, J.** Defendant was charged with aggravated stalking and held without bail by the criminal division. He appealed, and after a de novo review, a single Justice of this Court reversed, concluding that aggravated stalking did not meet the constitutional requirement for holding defendant without bail. The State filed this appeal from the single-Justice order, arguing that the crime of aggravated stalking is "a felony, an element of which involves an act of violence," under the Vermont Constitution. Vt. Const. ch. II, § 40(2). We conclude that the State

does not have a statutory right to appeal the single-Justice decision and therefore dismiss the appeal.

## I. Facts

¶ 2.    The following facts are undisputed.  On May 29, 2025, defendant was arraigned on a three-count information alleging violation of an abuse-prevention order, violation of conditions of release, and aggravated stalking in violation of 13 V.S.A. § 1063(a)(1).  The affidavit filed in support of the information alleged that defendant was subject to both a relief-from-abuse order and criminal conditions of release prohibiting him from contacting or coming within 300 feet of the complainant as the result of an earlier assault.  The affidavit alleged that defendant had violated the order by approaching the complainant in his car at a Walmart parking lot while maintaining eye contact with her and then circling the lot and parking directly behind her.

¶ 3.    The criminal division granted the State's motion to hold defendant without bail, concluding that aggravated stalking was a felony offense, an element of which involved an act of violence.  See Vt. Const. ch. II, § 40(2) (allowing person to be held without bail, when among other requirements, person is "accused of a felony, an element of which involves an act of violence against another person"); 13 V.S.A. § 7553a(a) (using near-identical language).  The court relied in part on 13 V.S.A. § 1063(c), which provides that "[c]onduct constituting the offense of aggravated stalking shall be considered a violent act for the purposes of determining bail."

¶ 4.    Defendant appealed the hold-without-bail order.  In accordance with 13 V.S.A. § 7556(d) and Chapter II, § 40(2) of the Vermont Constitution, a specially assigned single Justice conducted a de novo review on July 15, 2025.[1]  On July 16, the Court issued a written order,

---

[1]  Pursuant to 13 V.S.A. § 7556(d) and 4 V.S.A. § 22, the Chief Justice specially assigned Superior Judge Thibault.

concluding that the offense of aggravated stalking did not include an element involving an act of violence. The Court held that 13 V.S.A. § 1063(c) did not control the outcome of the constitutional question because this authority is granted to the Judiciary, not the Legislature. The Court examined the elements of the offense and concluded that aggravated stalking could be premised on actions that did not amount to violence, including causing "substantial emotional distress," or interference with a person's property that could reasonably cause substantial emotional distress. Moreover, the State did not need to prove an intent to cause bodily injury. The Court therefore reversed the hold-without-bail order, imposed interim conditions, and remanded for the criminal division to set conditions of release. On remand, the criminal division imposed conditions of release on defendant. The State filed a notice of appeal from the Court's July 16 order reversing the trial court's hold-without-bail decision.

## II. State's Right to Appeal

¶ 5. In a criminal case, the State has no common-law right to appeal and any appellate right "must thus be grounded in a statutory grant." State v. Roy, 2018 VT 67A, ¶ 12, 209 Vt. 133, 203 A.3d 1177. "Our goal in interpreting statutes is to implement the intent of the Legislature, and we first look to the plain and ordinary meaning of the statutory language to divine that intent." Id. ¶ 14 (citing State v. Wainwright, 2013 VT 120, ¶ 6, 195 Vt. 370, 88 A.3d 423). If the language presents any ambiguity, "we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." State v. Lohr, 2020 VT 41, ¶ 6, 212 Vt. 289, 236 A.3d 1277 (quotation omitted). Moreover, "we do not read sentences or phrases in isolation; instead, we examine the whole and every part of a provision, together with others governing the same subject matter, as parts of a system." Id. ¶ 7 (quotation omitted).

¶ 6.     Section 7556 of Title 13 provides the avenues for seeking review of pretrial detention or release. The statute contains five subdivisions. Four of the subdivisions pertain to appeals by the person either detained or released on conditions. 13 V.S.A. § 7556(a), (b), (d), (e). Only one subdivision grants the State a right to appeal:

> When a person is released, with or without bail or other conditions of release, an appeal may be taken by the State to a single Justice of the Supreme Court who may hear the matter or at his or her discretion refer it to the entire Supreme Court for hearing. No further appeal may lie from the ruling of a single Justice in matters to which this subsection applies. Any order so appealed shall be affirmed if it is supported by the proceedings below. If the order is not supported, the Supreme Court or single Justice hearing the matter may remand the case for a further hearing or may, with or without additional evidence, modify or vacate the order. The appeal shall be determined forthwith.

Id. § 7556(c).[2] The State claims that it has a right to appeal the single-Justice decision issued under § 7556(d) because defendant was released under conditions after reversal of the hold-without-bail order.

¶ 7.     The statute's language and construction do not support the State's assertion that it can appeal the single-Justice decision reversing the trial court's hold-without-bail order to another single Justice.[3] First, the plain language of § 7556(c) indicates that it is intended as an appeal from a criminal division order regarding conditions of release. Section 7556(c) provides that a Justice can affirm if the decision on appeal "is supported by the proceedings below," and, if the decision is not supported, the Justice can "remand" for further proceedings. The words "below" and "remand" indicate that the appeal authorized by § 7556(c) is from a decision of an inferior court

---

[2] In this case, a single Justice referred the matter to the full Court after the appeal was filed.

[3] Because the State here sought to appeal the single-Justice order, we need not reach the question of whether the State had a right to appeal the criminal division order setting conditions of release following the remand from the single-Justice appeal.

4

and not a parallel appeal from another single Justice of the same Court. See Below, Black's Law Dictionary (12th ed. 2024) (defining "below" as being "([o]f a lower court) having heard or having the power to hear the case at issue in the first instance"); Remand, id. (defining "remand" as act "of sending something (such as a case, claim, or person) back for further action"). It makes no sense to use these terms when referring to transferring jurisdiction between different Justices of the same Court. We presume that the Legislature "chose its words advisedly," Roy, 2018 VT 67A, ¶ 15 (quotation omitted), and the words used here do not indicate that the State's right to appeal in § 7556(c) encompasses an appeal from a Supreme Court single-Justice decision.

¶ 8.　　The State relies on the fact that § 7556(d) does not explicitly provide that a single-Justice decision is final whereas both § 7556(b) and (c) specifically articulate that "[n]o further appeal may lie from the ruling of a single Justice." This omission makes sense, however, because a person who continues to be held without bail following an appeal to a single Justice under § 7556(d) has a right to appeal to a panel of three Supreme Court Justices under § 7556(e). See V.R.A.P. 9(b)(2) (providing for review by panel of three Justices when release is denied by de novo review of single Justice under Vermont Rule of Appellate Procedure 9(b)(1) or by trial court under 13 V.S.A. § 7553); Reporter's Notes—1994 Emergency Amendment, V.R.A.P. 9 (explaining that Rule 9(b) covers review from single-Justice orders regarding § 7553a appeals and trial court orders under § 7553); State v. Downing, 2020 VT 101, ¶ 6, 213 Vt. 468, 247 A.3d 150 (providing review of single-Justice decision denying release under § 7556(d)). The fact that persons detained have a right to appeal their continued detention to a three-Justice panel does not mean that the State has a similar right to appeal a single-Justice order effectuating the person's release. It is reasonable that the statute would provide greater procedural protections to the detained individual than to the State. We have previously recognized that detention under § 7553a

is to be "narrowly construed" given that "pretrial detention generally undermines the presumption of innocence by depriving a defendant of a fundamental value, the right to liberty, without an adjudication of guilt." Downing, 2020 VT 101, ¶ 26 (quotation omitted). Because the State does not have a right to appeal the single-Justice order reversing the criminal division's hold-without-bail decision under § 7553a, the appeal is dismissed.

Appeal dismissed.

FOR THE COURT:

_____

Associate Justice